JUDGE ELLIOTT
delivered the opinion oe the court.
As these cases each involve the same questions they will be considered together.
The above-named Thomas, Emily, and Isaac Reynolds each brought a separate action against John Wyatt, Edgar Wyatt, A. Whedon, W. R. Pedigo, and appellant, claiming $10,000 damages. These actions were brought in the Barren Circuit Court.
While these suits were pending in the Barren Circuit Court, A. Whedon made application for a change of venue. His motion was resisted by the plaintiffs, and all his co-defendants in the three suits. On hearing, the court not only changed the venue so far as Whedon was concerned, but changed the venue of all three, of the suits, and as to all the parties, to the Hart Circuit Court, and the appellant and his other co-defendants excepted.
On a trial in the Hart Circuit Court, one of the appellees obtained judgment against appellant and his co-defendants for $10,000, another for $5,000, and the other for $1,000, and from these judgments he appeals, and insists that, as he was sued in the Barren Circuit Court, and as to him no change of venue was ever asked or assented to, the order by which the venue was changed to the Hart Circuit Court was void.
By section 1, article 1, chapter 12 of the General Statutes it is provided that “ A party to any civil proceeding triable by a jury in a circuit court may have a change of venue when it appears that, owing to the undue influence of his adversary in the county, or to the odium which attends himself or his cause of action or defense, he can not have a fair trial.”
By section 6, where the venue has been changed, it is made the duty of the clerk to transmit all of the original papers and copies of all the orders in the suit to the clerk’s office of the circuit to which it has been changed, and this provision indicates very clearly that, when there is more than one plaint *619 iff or defendant to a suit, the venue can not be changed as to some of the plaintiffs or defendants and retained and tried as to the others at the circuit where brought.
When the venue of a suit is changed, that all the records and litigants go with it, we' think is certain from the provisions of the statute on the subject, and we therefore come to the conclusion that the statute only contemplates two parties in motions for changes of venue in civil suits — the one suing and the other the sued party — without regard to the number of either, and if the suing party is composed of a plurality of persons, they must all join in the motion for a change of venue; and so, if the sued party is composed of more than one person, the petition should be in the name of all of the defending litigants, because, so far as the right to take a change of venue is concerned, they constitute but one party.
The statute seems to treat the suing side of the litigation as one party and the sued side of the litigation as the other party, for when the statute speaks of parties it applies the term to both the suing and sued class of litigants, as for instance, in section 4 it is said “ a change of venue shall be made to the circuit court of an adjacent county most convenient to the parties to the action, their witnesses, and attorneys, to which there is no valid objection,” etc.
Thus we see that parties, as used in the statute, refers to the two classes of litigants, both plaintiffs and defendants, and embraces them both, and the word party refers to one class of the litigants, that is the plaintiffs or defendants.
According to the argument of the counsel for appellees, if one of the defendants in an action, where five are sued, makes the affidavit and proof that he can not get justice in the court where sued, he can drag four of his co-defendants for trial into a county where they are equally confident they can not get justice.
We think that such a construction of the statute would be *620 opposed to any fair deductions from its provisions, and although we confess that the legislative intention is not made as manifest as it perhaps should have been, we conclude that the most just and reasonable interpretation of the statute is that it contemplated each class of the litigants as a party, in motions for changes of venue, and if the suing class wishes such change it must apply in a body for it, and so with the sued class.
If one litigant can, because there is undue prejudice against him in a county, change the venue and force four of his co-defendants against their will into a trial in a county where there is undue prejudice against them, then the statute which inust have been intended to subserve the ends of justice would have precisely the contrary effect.
This construction of the statute seems the more reasonable because when the legislature undertook in the same chapter of the statute to provide for changes of venue in criminal cases, it allowed each defendant to apply for and obtain a change of venue, and further provided that where several were indicted and a part only of the defendants obtained a change of venue, a copy of the indictment, and not the original, together with a copy of the orders in the case, should be sent to the office ,of the clerk of the court to which the venue had been changed.
We confess the language of the statute is not clear, but we think our interpretation is the most rational and correct one.
Wherefore each of the foregoing judgments as to appellant is reversed, and cause remanded with directions to the lower court to remand the same to the Barren Circuit Court.