Bachmann vs. The City of Milwaukee.    Vogel vs. Same.    Steinauer vs. Same.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

BACHMANN vs. THE CITY OF MILWAUKEE.    VOGEL vs. THE
          SAME.    STEINAUER vs. THE SAME.

CHANGE OF VENUE, *for prejudice of the judge.*

1. An affidavit merely in the words of the statute (R. S., sec. 2625), that the party making it "has reason to believe, and does believe, that he cannot have a fair trial of the action on account of the prejudice of the judge" (naming him), entitles such party to a change of the place of trial.

[2. Whether perjury can be assigned upon such an affidavit, *quære;* but at least an assignment of perjury cannot be laid upon traverse of the fact of prejudice.]

APPEALS from the County Court of *Milwaukee* County. While these actions were pending in the circuit court for Milwaukee county, the plaintiff in each case procured a change of venue to the county court of the same county, upon an *ex parte* application and an affidavit of the prejudice of the circuit judge. By the form of the affidavit, the plaintiff in each case declares "that he has good reason to believe, and does believe, that he cannot have a fair trial of said action in this court, on account of the prejudice of the Hon. David W. Small, judge of this court." Thereupon the defendant city appeared in the county court specially for the purpose, and moved in each case that the action be remanded to the circuit court, on the ground that said affidavit did not state facts sufficient to authorize the making of the order of the circuit court for a change of venue. From an order in each case denying such motion, the defendant appealed.

The appeals were submitted on the brief of *D. H. Johnson*, City Attorney, for the appellant, and that of *Jenkins, Elliott & Winkler* for the respondents.

RYAN, C. J.   The affidavit to change the venue in each of these cases follows the statute, could not properly do otherwise, and is sufficient.   The venue is to be changed, not upon the fact of the judge's prejudice, but upon the imputation of it.   *Van Slyke v. Ins. Co.*, 39 Wis., 390.   And the statute, as it now stands, appeals to the conscience of the party for a reasonable apprehension, not for the truth of the fact on which the apprehension rests.   It goes upon a statement of belief, not of fact, save in so far as belief may be a fact; upon assertion that the party has reason to believe and does believe that he cannot receive a fair trial on account of the judge's prejudice, not upon averment of the prejudice itself.   *Carpenter v. Shepardson*, 43 Wis., 406.

It may be that perjury could not be well assigned on the affidavit.   If so, the fault is in the statute, not in the affidavit which the statute prescribes.   Certainly, an assignment of perjury could not be laid upon traverse of the fact of prejudice; and the brief of the learned counsel for the appellant is rather a criticism on the statute, than an argument of the insufficiency of the statutory affidavit to support the change of venue.

*By the Court.* — The order appealed from in each of these cases is affirmed.