Argued October 31, affirmed December 12, 1916.

## BEST v. PARKES, JUSTICE OF THE PEACE,

(161 Pac. 255.)

**Mandamus—Subjects of Relief—Change of Venue.**

1.   Section 2432, L. O. L., providing that the justice of the peace may change the place of trial when it appears from the affidavit of a party that the justice is so prejudiced against the party making the motion that he cannot expect an impartial trial before such justice, does not require a justice of the peace to grant a change of venue upon the mere assertion of the party that the justice is prejudiced, and therefore an alternative writ of *mandamus* to compel a justice of the peace to grant a change of venue, which contains no showing as to prejudice, except the conclusion of the party applying for the change, must be quashed under Section 613, L. O. L., authorizing *mandamus* to require action by an inferior court in the discharge of its functions, but not to control judicial discretion.

[As to prohibition as remedy to review determination of motion for change of venue, see note in Ann. Cas. 1913D, 596.]

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.   Statement PER CURIAM.

The plaintiff, J. A. Best, sought by *mandamus* to compel the defendant, Joe H. Parkes, a justice of the peace for Pendleton District, to change the place of trial of a criminal action, wherein the plaintiff here was the defendant.   In the alternative writ issued by the Circuit Court there appeared a history of the criminal action against the plaintiff, showing that it was brought to issue, and, after stating the filing of a motion and affidavit for change of venue, the writ contains this averment:

"That the said J. A. Best duly and regularly swore to the said affidavit, and stated therein, under oath, that the said J. A. Best knew the said Joe H. Parkes, justice of the peace for Pendleton District; that the said Joe H. Parkes, justice of the peace for said district, is so prejudiced against the defendant that the defendant could not expect a fair and impartial trial before the said justice."

Other recitals are to the effect that the justice re-
fused to grant a change of the place of trial, and he
was required to show cause why he did not transfer
the hearing to some other justice. Upon the return
and the reply thereto the writ was quashed, and the
plaintiff appealed.                    AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Fee & Fee,* with an oral argument by *Mr.
Alger Fee.*

For respondent there was a brief over the names
of *Mr. George M. Brown,* Attorney General, and *Mr.
Frederick Steiwer,* District Attorney, with an oral
argument by *Mr. Brown.*

Opinion PER CURIAM.

1. It is provided, in substance, in Section 2432,
L. O. L., that the justice may change the place of trial
when it appears from the affidavit of a party either
that the justice is a party to or directly interested in
the event of the action or connected by consanguinity
or affinity within the third degree with the adverse
party or those whom he represents; (2) "that the
justice is so prejudiced against the party making the
motion that he cannot expect an impartial trial before
such justice"; and (3) that the convenience of par-
ties and witnesses will be promoted. Section 613,
L. O. L., relating to *mandamus,* authorizes it to require
action by an inferior court in the discharge of its
functions, but says it shall not control judicial dis-
cretion.

It may be admitted that where the showing made
before the inferior court conclusively establishes a
situation requiring a change of venue under the statute,
the writ will issue, compelling the action desired. A

case of this kind is *Krumdick* v. *Crump*, 98 Cal. 117 (32 Pac. 800), where it was admitted on the record that the judge was disqualified because he had been of counsel in the very case. The statute in that case used the mandatory language that the venue "must" be changed under such conditions. The other cases cited by the plaintiff are largely upon the same lines. The question here is whether such a showing is made in the writ. The allegation quoted is all that appears in the record about what was charged before the justice to induce a change in the place of trial. There are no facts stated from which an impartial judge could draw the same conclusion reached by the pleader or the affiant that the justice was prejudiced. The excerpt from the writ is not aided by the case of *Rugenstein* v. *Ottenheimer*, 78 Or. 371 (152 Pac. 215). There the affidavit set out the very language used by the judge whose fairness was impugned. The words he used were not disputed. They clearly indicated a decided hostility on his part toward the defendant. The situation there portrayed is quite different from the one in question, where merely the conclusion of the affiant is embodied in the statement.

In the very nature of things the judge himself is called upon to determine his own bias on the one hand or freedom from partiality on the other. Before his decision can be disturbed by *mandamus,* sufficient must appear in the showing made before him and reproduced before the court issuing the writ whereby the latter tribunal can determine, as a matter of law, that the justice is indeed prejudiced within the meaning and extent of the statute. To hold otherwise would be to substitute the interested judgment of a litigant for the judicial function of the officer. The law does not vest in the accused the discretion of selecting the

court in which he will be tried, yet he could enforce that as a principle if it were sufficient for him barely to say that the judicial officer is prejudiced against him.

The decision of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE BEAN took no part in the consideration of this case.