Submitted on briefs March 16, demurrer overruled May 11, 1926.

## W. S. U'REN *v.* GEORGE R. BAGLEY, JUDGE.

### (245 Pac. 1074.)

**Judges—Statute Providing for Change of Judges for Prejudice Vests No Discretion in Judge Against Whom Affidavit is Filed (§ 45—1, Or. L., and § 45—2, as Amended by Laws 1925, p. 218, § 1).**

1. Under Section 45—1 and Section 45—2, Or. L., as amended by Laws of 1925, page 218, Section 1, providing for change of judges for prejudice, no discretion is vested in judge against whom affidavit of prejudice is filed as to his recusation.

**Statutes—Statute Copied from Laws of Another State is Assumed to be Taken With Construction Put on It by Courts of That State.**

2. When a statute is copied from laws of another state, it is usually assumed that it is taken with construction put on it by courts of that state.

**Constitutional Law—Judges—Statute Providing for Change of Judges on Filing Affidavit of Prejudice Held not Unconstitutional as Invading Province of Judiciary (§ 45—1 and § 45—2, Or. L., as Amended by Laws 1925, p. 218, § 1).**

3. Section 45—1 and Section 45—2, Or. L., as amended by Laws of 1925, page 218, Section 1, providing for change of judges on filing affidavit of prejudice, *held* not unconstitutional as invading province of judiciary.

**Constitutional Law.**

4. When life of a statute is at stake, it is entitled to benefit of every reasonable doubt.

---

2. See 25 R. C. L. 1069.
4. See 6 R. C. L. 78.

Judges—Statute Providing for Change of Judges for Prejudice Does
    not Authorize Each Plaintiff or Defendant or Attorney to File
    Affidavit of Prejudice—"Party" (§§ 45—1, 45—3 and § 45—2,
    Or. L., as Amended by Laws 1925, p. 218, § 1).
    5.  Section 45—1, and Section 45—2, Or. L., as amended by Laws
of 1925, page 218, Section 1, providing for change of judges for
prejudice, does not authorize each plaintiff or defendant or attorney
to file affidavit of prejudice, in view of Section 45—3, providing
that no party or attorney shall be permitted to make more than two
applications for change of venue for prejudice; "party" meaning
either plaintiff or defendant, and including all persons belonging to
the particular class.

Constitutional Law.
    6.  Supreme Court is not justified in declaring a statute uncon-
stitutional merely because of its abuse.

Constitutional Law, 12 C. J., p. 787, n. 87 New, p. 795, n. 32,
p. 802, n. 94, p. 828, n. 26, 27, p. 883, n. 98, p. 885, n. 14 New.
    Criminal Law, 16 C. J., p. 806, n. 4.
    Judges, 33 C. J., p. 1000, n. 48, p. 1013, n. 30 New, p. 1015, n. 93,
p. 1016, n. 9, 10, 12, 13.
    Statutes, 36 Cyc., p. 1154, n. 81.
    Venue, 40 Cyc., p. 146, n. 43.

Original proceedings in *mandamus*.

DEMURRER OVERRULED.

For petitioner there was a brief over the names of
*Mr. W. N. Gatens, Mr. W. M. Davis* and *Messrs.
Richards & Richards.*

*Mr. W. S. U'Ren, in propria persona.*

For defendant there was a brief over the names of
*Mr. E. B. Tongue, Mr. Thomas H. Tongue, Jr.,* and
*Mr. W. G. Hare.*

*Mr. George R. Bagley, in propria persona.*

BELT, Judge.—This is an original proceeding in
*mandamus* to compel Honorable GEORGE R. BAGLEY,
Circuit Judge of the Nineteenth Judicial District,
to grant a change of venue or to call in another judge
to preside over a suit pending, pursuant to Section

45—1, Oregon Laws, and to Section 45—2, Oregon Laws, as amended by Chapter 143 of General Laws of Oregon for 1925, which provide as follows:

"*Section 45—1.  Judge Prejudiced not to Try Any Suit or Action; Presiding Judge or Chief Justice to Call in Another Judge or Change Venue.*  No judge of a circuit court of the state of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause.  In such case the presiding judge shall forthwith transfer the suit or action to another department of the same court, or call in a judge from some other court, or apply to the chief justice of (the) supreme court to send a judge to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action or suit is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court.

"*Section 45—2.  Party or Attorney may File Affidavit of Prejudice.*  Any party to or any attorney appearing in any action, suit or proceeding in a circuit court may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge.  And, that it is made in good faith and not for the purpose of delay, and shall be filed with such motion at any time prior thereto or within one day after such action, suit or proceeding is at issue upon a question of fact, or such further time as the court may allow, and not otherwise, except that in judicial districts having a population of 100,000 or more, the affidavit and motion for change of judges shall be made at the time and in the manner prescribed in Section 45—3, Oregon Laws."

To support motion for change of venue or the calling of another judge, petitioner, who is an attorney at law, made affidavit, in part as follows:

"That the Honorable George R. Bagley, who is the regularly elected and acting judge of said Circuit Court of the State of Oregon for Washington County, and before whom said suit is pending, is so prejudiced against me that I cannot, and I verily believe I cannot, have a fair and/or impartial trial of said cause before said judge."

1. The single question involved is the constitutionality of the above act. It is the first time its validity has been squarely before this court for decision, although there are expressions in *State ex rel. Johnson* v. *Circuit Court for Deschutes County*, 114 Or. 6 (233 Pac. 563, 234 Pac. 262), and *State* v. *Dobson* (Or.), 241 Pac. 383, indicating a variance of opinion relative thereto.

It is conceded in the very able briefs submitted that the language of this statute is absolute and mandatory. No discretion is vested in the judge against whom the affidavit is filed as to his recusation. When an affidavit is timely made and in substantial compliance with the statute the disqualification of the judge is accomplished so far as proceeding further in that particular cause is concerned. There is no issue of law or fact to determine. The course that the judge must pursue is fixed by statute.

2. A similar act has thus been construed by the courts of our sister state from whose laws the statute in question was copied: *State of Washington ex rel. Lefebre* v. *Clifford*, 65 Wash. 313 (118 Pac. 40); *State of Washington ex rel. Dunham* v. *Superior Court for Lewis County*, 106 Wash. 507 (180 Pac. 481), and

cases cited from same jurisdiction. As stated in
*State* v. *Stilwell,* 100 Or. 637 (198 Pac. 559):

"When a statute is copied from the laws of another
state, it is usually assumed that it is taken with the
construction put upon it by the courts of the state in
which it originated."

3, 4. Did the legislature go beyond its constitutional
powers in enacting this law and thereby invade the
province of a co-ordinate branch of the government?
Under our constitutional system of government, the
legislative, executive and judicial branches are re-
quired to function exclusively within their respective
spheres. The success which our form of government
has achieved in the past may be attributed largely to
the fact that each co-ordinate branch has recognized
the fundamental and salutary principle that there
must be no encroachment upon the other. It re-
mains, however, for the judiciary to say when there
has been a transgression in this respect. This author-
ity vested in the courts is one which should be exer-
cised with extreme caution and only when there has
been a plain and palpable abridgment of the powers
of one department by another. To determine with pre-
cision the boundary between the respective co-ordi-
nate branches of our government has ever been a
difficult thing for the courts to do. The question at
bar is in the twilight zone. Hence we must proceed
with circumspection when called upon to say that
there has been a legislative abridgment of judicial
power. Courts are ever reluctant to annul by judi-
cial sentence what has been enacted by the law-mak-
ing power. In fact, when the life of a statute is at
stake it is entitled to the benefit of every reasonable
doubt: Cooley's Constitutional Limitations (7 ed.),
252; *State* v. *Laundy,* 103 Or. 443 (204 Pac. 958, 206

118 Or.—6

Pac. 290); *Smith et al. v. Cameron et al.,* 106 Or. 1 (210 Pac. 716, 27 A. L. R. 510); *State v. Jacobson,* 80 Or. 648 (157 Pac. 1108, L. R. A. 1916E, 1180).

We take as a premise the truism that every citizen is entitled to a fair and impartial trial. To secure that sacred and constitutional right, legislation undoubtedly may be enacted. Does it not follow that court procedure may be regulated to the end that justice will be administered? May not the state through its legislative branch of government declare the policy of the law to be that courts shall be free from any question of bias or prejudice? The legislature in effect has said that it is better, as a matter of public policy and the due administration of justice, that a judge, when challenged for bias or prejudice, should not act in that particular cause, even though he be blessed with all of the virtues any judge ever possessed. Courts, like Caesar's wife, must be not only virtuous but above suspicion. In *Oakley v. Aspinwall,* 3 N. Y. 547, it was well said:

"It is the design of the law to maintain the purity and impartiality of the courts, and to insure for their decisions the respect and confidence of the community. Their judgments become precedents which control the determination of subsequent cases; and it is important in that respect that their decisions should be free from all bias. After securing wisdom and impartiality in their judgments, it is of great importance that the courts should be free from reproach or the suspicion of unfairness. A party may be interested only that his particular suit should be justly determined; but the state, the community, is concerned not only for that, but that the judiciary shall enjoy an elevated rank in the estimation of mankind."

The law is not so much concerned with the respective rights of judge, litigant or attorney in any par-

ticular cause as it is, as a matter of public policy, that the courts shall maintain the confidence of the people: 15 R. C. L. 530. As stated in *People* v. *Suffolk Common Pleas,* 18 Wend. 550:

"Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge."

No judge has a vested right to sit in a particular case. Neither has a litigant nor an attorney a vested right to have his case heard by any particular judge. In the consideration of this statute a more important question is involved—viz., the purity, stability and integrity of courts.

In our opinion, the fallacy of the contention of defendant lies in the assumption that this law enables the attorney or party litigant to establish conclusively by affidavit the bias or prejudice of the judge as a matter of fact, and is, therefore, an invasion of judicial power. This conclusion finds support in *Ex parte Fairbank Co.,* 194 Fed. 978, but such holding is not in keeping with the decided weight of authority, as shown by the cases hereinafter cited. In the *Fairbanks Co.* case it was held to be a curtailment of the judicial power to deprive a judge of the right to pass on the facts set out in an affidavit of prejudice, but this view is not sustained by the United States Supreme Court in *Berger* v. *United States,* 255 U. S 22 (65 L. Ed. 481, 41 Sup. Ct. Rep. 230, see, also, Rose's U. S. Notes Supp.), nor by the state appellate courts. Also see *Fisk* v. *Henarie,* 32 Fed. 417, and *Short* v. *Chicago, M. & St. P. Ry.,* 33 Fed. 114.

It is the challenge of and not the fact of prejudice that *ipso facto* disqualifies the judge from acting in a particular cause. Chief Justice RYAN in *Bachmann*

v. *City of Milwaukee,* 47 Wis. 435 (20 Am. Rep. 50), speaking of a statute like ours, said:

"The venue is to be changed, not upon the fact of the judge's prejudice, but upon the imputation of it. *Van Slyke* v. *Trempealeau County F. M. F. Ins. Co.,* 39 Wis. 390 (20 Am. Rep. 50). And the statute, as it now stands, appeals to the conscience of the party for reasonable apprehension, not for the truth of the fact upon which the apprehension rests. It goes upon a statement of belief, not of fact, save in so far as belief may be a fact; upon assertion that the party has reason to believe and does believe that he cannot receive a fair trial on account of the judge's prejudice, not upon averment of the prejudice itself. *Rea* v. *State,* 3 Okl. Cr. 276 (105 Pac. 384, 139 Am. St. Rep. 954); *Ex parte Ellis,* 3 Okl. Cr. 220 (105 Pac. 184, Ann. Cas. 1912A, 863, 25 L. R. A. (N. S.) 653)."

We agree that a fair-minded judge cannot be transformed into a biased or prejudiced one merely by legislative fiat. However, the statute does not purport so to do. No question of fact is involved. It is analogous to a peremptory challenge to a juror for which no reason need be assigned. Such challenge does not establish actual prejudice, but the law says that under such circumstances the juror must step aside. So it is with judges.

It is to be borne in mind that this law does not oust courts of their jurisdiction, but simply requires that another judge be called to preside in the same court. There is a well-marked distinction between a judge and a court. Some courts say that the operation of this law is analogous to a change of venue: *Bachmann* v. *City of Milwaukee, supra; State ex rel. Anaconda Copper Mining Co.* v. *Clancy,* 30 Mont. 529 (77 Pac. 312).

What if the statute required the affiant specifically to allege the facts constituting the prejudice of the judge? Who would pass on such facts? Would the judge pass on his own qualifications? It would, indeed, be a strange judicial proceeding for a judge to determine his own state of mind and whether he was prejudiced or not. It is fundamental that no man should act as judge in his own case.

5. It is contended that, under this statute, if there be more than one plaintiff or defendant or attorney appearing in the cause, each may file two affidavits of prejudice, and, in certain cases, it would be. possible to exhaust the entire number of circuit judges in the state, thereby operating as a denial of justice. We do not so construe Section 45—3, Oregon Laws, which provides:

" * * that no party or attorney shall be permitted to make more than two applications in any action or proceeding under this act."

"Party" means either plaintiff or defendant, and includes all persons belonging to the particular class: 40 Cyc. 146. "Party" is used in a collective sense and if there be a plurality of plaintiffs, they are all only one party litigant. So a plurality of defendants constitute one, and but one, party to the proceeding: *Sodousky* v. *McGee,* 4 J. J. Marsh. (Ky.) 267; *Whitaker* v. *Reynolds,* 77 Ky. (14 Bush) 616; *Taxicab Co.* v. *Emanuel,* 125 Md. 246 (93 Atl. 807). Where there is more than one attorney appearing for a party each is deemed to have joined in the application. We believe this to be a reasonable construction of the statute and one which will aid in the administration of justice rather than defeat it.

Similar statutes have been universally upheld by appellate courts: *State ex rel. Nissen* v. *Superior*

*Court,* 122 Wash. 407 (210 Pac. 674); *State ex rel. Dunham* v. *Superior Court, supra; State ex rel. Lefebvre* v. *Clifford, supra; State ex rel. Clancy* (Mont.), *supra; State* v. *Hoist,* 111 Minn. 325 (126 N. W. 1090); *Conkling* v. *Crosby* (Ariz.), 239 Pac. 506; *Stephens* v. *Stephens,* 17 Ariz. 306 (152 Pac. 164); *Bachmann* v. *City of Milwaukee* (Wis.), *supra; State* v. *Thompson,* 43 S. D. 425, 180 N. W. 73; *Murdica* v. *State,* 22 Wyo. 196 (137 Pac. 574); *Krutz* v. *Griffith,* 68 Ind. 444; *Munce* v. *State,* 187 Ind. 263 (118 N. E. 953); *State* v. *Shipman,* 93 Mo. 147 (6 S. W. 97); *Dowling* v. *Allen & Co.,* 88 Mo. 293; 33 C. J. 1015.

There is *dictum* in *Diehl* v. *Crump,* 72 Okl. 108 (179 Pac. 4, 5 A. L. R. 1272), to the contrary, but such decision is based on a statute requiring facts to be alleged. Prior to amendment of the statute, and when no facts were required to be stated, the courts of that jurisdiction consistently held such law to be constitutional: *Rea* v. *State,* 3 Okl. Cr. 276 (105 Pac. 384, 139 Am. St. Rep. 954); *Ex parte Ellis,* 3 Okl. Cr. 220 (105 Pac. 184, Ann. Cas. 1912A, 863, 25 L. R. A. (N. S.) 653). Counsel also cites *Conn* v. *Chadwick,* 17 Fla. 428. In this case the court refused to pass on the constitutionality of the law, although Mr. Justice VAN VALKENBURGH stated, as quoted by this court in *State ex rel. Johnson* v. *Circuit Court, supra,* that:

"Until now it has been, as I supposed, universally conceded that the Constitution had vested the judicial power in the courts. Now, it seems to be claimed that the Legislature has the power to invest a party to a suit, or his attorney, with the judicial function to determine the disqualification of the Justices."

However, in the later case of *Howell* v. *State,* 77 Fla. 119 (81 South. 287), it was held in construing a somewhat similar statute that it was mandatory on

the judge to grant a change of venue even though affidavit failed to allege facts constituting prejudice.

6. We are not unmindful that this law has been shamefully abused. In some instances it has enabled desperate criminals to delay trials and bandy courts about because, perhaps, the judge was prejudiced in favor of law enforcement. Circuit judges are being ordered about the state at the expense of the taxpayer and it may be, as counsel for defendant contend, that courts generally are being delayed in the trial of cases on account of the operation of this law. However, these are matters which may be more appropriately addressed to the legislature. We are not justified in declaring a statute unconstitutional merely because of its abuse.

To prevent abuse of similar statutes and to relieve judges of the delicate duty of passing on the facts of their alleged prejudice, in some jurisdictions legislation has been enacted requiring the facts to be alleged, but leaving no discretion with the judge as to his recusation when a *prima facie* case of prejudice is stated. The judge who is challenged passes on the legal sufficiency of the affidavit but not on the truth of the matter therein averred. If the judge holds that the facts stated, accepting them to be true, constitute prejudice, he must proceed no further; if it is held that such facts, admitting them to be true, do not *prima facie* disqualify him as a judge, the trial proceeds, and the decision relative to the legal sufficiency of the affidavit remains subject to review.

After careful consideration, we are of opinion that the statute in question is constitutional. It follows that the demurrer to the alternative writ of *mandamus* is overruled, and, unless defendant answers within ten days from date hereof, a peremptory writ

will issue.    Under the stipulation on file neither party
will recover costs and disbursements.

DEMURRER OVERRULED.

BURNETT, J., dissents.