Submitted June 4, on referee's report, peremptory writ
to issue July 3, 1975

## STATE ex rel STRAIN, *Plaintiff, v.*
## FOSTER, *Defendant.*

537 P2d 547

Hon. Charles H. Foster, Lakeview, in propria persona.

TONGUE, J.

This is an original proceeding in mandamus to require the respondent, a circuit judge, to allow the motion of petitioner, a defendant in a criminal proceeding, for a change of judge pursuant to ORS 14.260, and based upon an affidavit by petitioner's attorney alleging that respondent was prejudiced against the defendant and his attorney. We allowed an alternative writ of mandamus ordering respondent either to withdraw or to show cause why he should not do so.

The answer to the alternative writ denied that respondent was prejudiced; that petitioner's attorney had any rational basis for belief that respondent was prejudiced; and that the motion was filed in good faith. The answer also alleged various affirmative defenses, as discussed below. Petitioner's reply denied these affirmative allegations.

In accordance with the procedure set forth in *State ex rel Lovell v. Weiss,* 250 Or 252, 430 P2d 357, 442 P2d 241 (1968), we then appointed the Hon. Phillip K. Hammond, Senior Judge, as a referee to conduct a hearing on behalf of this court and to report his findings and recommendation. That report, dated May 28, 1975, concludes as follows:

"\* \* \* In view of all the evidence aduced at the hearing your referee has the impression that at the time of filing the affidavit of prejudice in question Richard J. Smith as attorney for Larry Allen Strain did in good faith believe that Judge Charles M. Foster was prejudiced against him personally and against the interests of his client and your referee therefore recommends that the writ of mandamus herein prayed for be allowed."

By agreement between the parties, the case was then submitted on the record and without briefs or oral argument. *The evidence offered by petitioner in this case was sufficient to establish his good faith.*

It appears from the testimony that the controversy between petitioner's attorney, Mr. Richard J. Smith, and respondent, the Hon. Charles H. Foster, is one of long standing. Mr. Smith lives about midway between Lakeview and Klamath Falls, where he has his law office. He has considerable criminal law practice in Lakeview, as well as in Klamath Falls. Since 1967 Mr. Smith has filed approximately 26 motions and affidavits of prejudice against Judge Foster.

When a criminal defendant in the justice court in Lakeview is represented by Mr. Smith, his practice has been to immediately transfer the case to the circuit court and to then file a motion to remove Judge Foster, supported by an affidavit of prejudice. In previous cases Judge Foster has then made arrangements for another judge to try the case. This practice, quite understandably, has been a source of concern to Judge Foster because of the expense and delay involved.

Mr. Smith testified, however, that he refuses to practice in the justice court in Lakeview; that he has the right by statute to transfer all criminal cases from justice court to circuit court and that the expense and delay resulting from an immediate transfer of such cases is less than would result from a trial in justice court, followed by an appeal and trial de novo in circuit court, as also permitted by law.

In support of his affidavit of prejudice against Judge Foster, Mr. Smith testified not only to hearsay among lawyers to the effect that Judge Foster has the reputation of requiring high bail and imposing heavy sentences in criminal cases, but also to a number of instances in which he felt that Judge Foster showed that he was prejudiced against him, as an attorney. Among other things, Mr. Smith testified that after removing one case from justice court to the circuit court and filing a motion to remove Judge Foster from the

case, Judge Foster nevertheless proceeded to set bail in that case. Mr. Smith also testified that in misdemeanor cases Judge Foster refused to permit him, as a lawyer, to enter a plea on behalf of his client, as permitted by some other judges and as permitted by Judge Foster for one local attorney, but instead has required Mr. Smith to come from Klamath Falls and to appear in court in Lakeview with his client under threat that unless both he and his client did so, the bail of his client would be forfeited and he would be arrested. According to Mr. Smith, on one of such occasions the bail of one of his clients was forfeited and he was arrested.

On another occasion when Mr. Smith and his client appeared in court, Judge Foster proceeded to inform his client that attorney fees chargeable by Mr. Smith in circuit court would be higher than in justice court and then took a recess for the purpose of having the client reconsider whether he wished to proceed in circuit court or to have his case returned to justice court. A transcript of that proceeding was offered in evidence. Judge Foster testified on cross-examination that he could not recall doing the same thing in any other case.

Testimony was also received, without objection, that shortly after the filing by Mr. Smith of the motion giving rise to this proceeding, Judge Foster adopted a new local rule of court under which any attorney who files such a motion is required to appear in court with his client "to make a record of it" and in order that Judge Foster can then determine whether the motion has been filed in good faith and whether the attorney "really desired to disqualify me." Under that rule the attorney must also then state whether he will file a similar motion against the judge called in to try the case and the failure of the lawyer and his client to appear at such a hearing is deemed to be a waiver

of the previous motion to remove Judge Foster from the case.[1]

Mr. Smith testified that Judge Foster "has stated that the reason for this rule is  * * * [me]." Judge Foster testified that this new rule was "necessary" because of "the vast amounts of automatic disqualifitions I have had in this county by Richard J. Smith," although by its terms the rule applies to all lawyers.

Judge Foster also testified that he had no prejudice against either Mr. Smith or his client; that the practice of Mr. Smith has caused serious disruption to the proper functioning of his court; and that, in his opinion, the procedures adopted by him in Mr. Smith's

---

[1] That local rule of court provides as follows:

"When a timely Motion for Change of Judge with its accompanying Affidavit of Prejudice is filed in either Criminal or Civil proceedings the Court will set the earliest and convenient available date for the personal appearance in open Court of the affiant *and* either the attorney for the affiant or if the affiant is the attorney then *also* his client. The Motion must then be reaffirmed in open Court for the record, the Court will explain to all concerned the problems and possible delay involved in obtaining another Judge to preside in the particular matter and then will either grant or deny said motion. If the motion is granted the Court will indicate, if possible, the Judge expected to be sought to preside and the parties and their attorneys can then indicate in open Court and on the record if a Motion and Affidavit will be filed against said judge. If it is stated another Motion for Change of Judge and affidavit of prejudice would be filed against the Judge indicated, then another Judge will be sought to preside.

"Another Judge *will* not be sought to preside until after such hearing in open Court and the Motion for a Change of Judge is granted. If, without good cause, the moving party or criminal defendant *or* his attorney fail or refuse to appear in open Court at the time set for the hearing herein described, it will be considered by the Court as a waiver and withdrawal of such Motion for Change of Judge and its accompanying affidavit of prejudice. In such case the Motion will be denied and the case or matter will proceed under the jurisdiction of the duly elected Judge of the Circuit Court of the State of Oregon for Lake County." (Emphasis in original.)

cases, including the adoption of the local rule in question, have been reasonable under the circumstances.

It is also contended by Judge Foster that the burden of proof is upon Mr. Smith to offer evidence sufficient to prove that he had a rational basis for belief that Judge Foster is prejudiced against both Mr. Smith as an attorney and also against his client in this particular case.

In considering the question whether or not petitioner acted in good faith in the filing of his motion for a change of judge in this case, we must bear in mind that this court is committed to the proposition that an attorney who in good faith files a motion for change of judge in Oregon is not required to prove actual prejudice by the judge. Indeed, it is the established policy of the law of Oregon that when a judge is challenged in good faith in any given case for bias or prejudice he should not sit in that case. The law is not primarily concerned with the respective rights of the judge, litigant or attorney in any particular case. Instead, the reason for this rule is that the primary concern of the law is that the courts and the judges of Oregon, as a matter of public policy, shall maintain the confidence of the people. *U'ren v. Bagley,* 118 Or 77, 82-83, 245 P 1074 (1926). See also *State ex rel Lovell v. Weiss, supra,* 250 Or at 255.

In *State ex rel Lovell,* we held, however, that although an allegation of prejudice by the trial judge, if made in good faith, is sufficient on its face to recuse a judge, the judge against whom such a motion has been filed may challenge the allegation that the motion was filed in good faith and may then demand a hearing on that issue. Thus, we said (250 Or at 255) that:

"* * * An allegation of the judge's prejudice, if filed in good faith, is sufficient on its face to recuse a judge. But it does not necessarily follow that the affiant's allegation of his own good faith

is equally efficacious to establish that statutory fact beyond the power of the judge to question it. If we were to hold that an affidavit could, by a pro forma recital of good faith, put beyond question the issue of good faith, it would amount to a holding that good faith in fact is not necessary.
\* \* \*"

We also went on to hold (250 Or at 257-58) that:
"The burden of proving good faith, in the particular case in which an affidavit is filed, will be satisfied if the affiant testifies that he has received information about the trial judge which, if true, reasonably could be a basis for a fear of prejudice. The affiant need not prove that the judge is prejudiced, or even prove that the evidence upon which he bases his apprehension is all true. But *he must come forward with some evidence, hearsay or otherwise, from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter.*" (Emphasis added)

See also *State v. Etling,* 256 Or 33, 36, 470 P2d 950 (1970).

■ After reviewing the testimony and exhibits offered by the parties at this hearing before the referee in this case we find that at the time of filing the affidavit of prejudice in question Richard J. Smith as attorney for Larry Allen Strain did in good faith believe that Judge Charles H. Foster was prejudiced against him personally and against the interests of his client.

*Defendant's affirmative defenses.*

1. *An affidavit by the attorney is sufficient without an affidavit by the client.*

■ Defendant first contends that this motion for a change of judge is insufficient, as a matter of law, because it was supported only by an affidavit of Mr.

Smith, as attorney, and was not supported by the filing of an affidavit of his client, the petitioner, *"personally"* to the effect that respondent was prejudiced against him.

ORS 14.260 specifically provides that "Any party to *or* any attorney appearing in any cause * * * may establish the prejudice described in ORS 14.250 by motion supported by affidavit * * *." See also *State ex rel Lovell v. Weiss, supra,* 250 Or at 257.

2. *An affidavit of prejudice need not state specific facts.*

■ Defendant next contends that the motion for change of judge is insufficient, as a matter of law, because it alleges "merely a *conclusion* that the defendant is prejudice(d) against said attorney," without alleging "any sufficient grounds for any rational * * * belief by said attorney * * *" that defendant is prejudiced against either himself or his client and that unless so construed ORS 14.250 and 14.260 are unconstitutional as an "infringement" by the legislature against the judiciary.

This statute substantially re-enacted the one upheld against constitutional challenge in *U'Ren v. Bagley, supra.* As held in *State ex rel Lovell v. Weiss, supra,* 250 Or at 252, "An allegation of the judge's prejudice, if filed in good faith, is sufficient on its face to recuse a judge."

■ As also held in *State ex rel Lovell,* however (at 255), "it does not necessarily follow that the affiant's allegation of his own good faith is equally efficacious to establish that statutory fact beyond the power of the judge to question it"; that "[s]uch a holding would render the * * * statute unconstitutional"; and (at 258) if such prejudice is denied by the judge, resulting in a hearing before a referee, the affiant must "come forward with some evidence, hearsay or otherwise,

from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter."

### 3. *A motion for change of judge, if in good faith, cannot be denied because of previous "abuse."*

■ Defendant's next affirmative defense is that this motion for change of judge should be denied because "for the past two years attorney Richard J. Smith has abused the provisions of ORS 14.260" by filing affidavits of prejudice "in approximately 30 cases"; that Mr. Smith has also transferred a considerable number of misdemeanor cases from justice court to circuit court and has then filed such an affidavit of prejudice; that because Lake County is a single judge district, so as to require another judge to travel "at least two hundred (200) miles roundtrip," this has resulted in considerable disruption, delay and expense; that these abuses "culminat[ed] eventually" in defendant's "deciding to call a halt to such abuse" and that a writ of mandamus should be denied because Mr. Smith "has abused the privilege allowed him as an attorney by the provisions of ORS 14.260."

We understand defendant's concern for the disruption, delay and expense resulting from the previous motions and affidavits of prejudice filed by Mr. Smith. It must be kept in mind, however, that ORS 14.250 and 14.260 confer not a privilege, but a right to file a motion for change of judge, conditioned only upon compliance with the provisions of that statute, including its requirement of good faith.

The filing of numerous motions for change of judge may be evidence to be considered in determining whether a subsequent motion and affidavit of prejudice are filed in good or bad faith. Under the facts of this case, however, as previously reviewed, we find that this motion and affidavit were filed in good faith.

> 4. *Upon the filing of a motion for change of judge, supported by a proper affidavit of prejudice, the judge must either withdraw or request a "good faith hearing."*

■ As defendant's fourth and final affirmative answer defendant alleges that the granting of a writ of mandamus in this case may be construed as a holding that Mr. Smith, "has for the present and apparently for all times in the future shown that he has a sufficient 'good faith' belief in the prejudice of the defendant * * * as to be able to automatically exclude said judge from all future cases" and that such a holding would "very seriously disrupt and delay the orderly conduct of the judicial business" of the court, with the result that this court should "in its discretion deny a Permanent Writ of Mandamus or in the alternative should specify clearly in any Permanent Writ whether it is intended to have prospective effect as to future proceedings to be handled by plaintiff's attorney before defendant."

In support of these allegations defendant contends in an attached memorandum that because he knows "in [his] own mind he is not prejudiced" against Mr. Smith that he "must require attorney Richard J. Smith by a proper proceeding to show that his opinion of [defendant] being prejudiced against him is held 'in good faith' * * *." To the same effect, defendant contends that he should be able to require by local rule of court that in the event that Mr. Smith files a motion for change of judge he should appear personally, with his client, "to make a record of it" and so that the defendant may explain to Mr. Smith and his client the delay that will be caused and determine if they "really desire" to disqualify him.

Thus, the local rule adopted by defendant shortly after the filing of this motion for change of judge would require that if Mr. Smith should file any such

further motions he must then appear before the court with his client for that purpose and that if he does not do so he will be deemed to have waived any such motion for change of judge.

That rule was adopted after the filing of the motion for change of judge. Thus, its validity is not directly in issue in this case. Because, however, of our understanding of the problem confronted by the defendant by reason of the granting of a writ of mandamus in this case, we think it appropriate to say that although our holding in this case cannot properly be construed as a holding to the effect that Mr. Smith may "automatically exclude" the defendant as a judge in all future cases, the terms of ORS 14.250 and 14.260, as construed by this court in *State ex rel Lovell v. Weiss, supra,* require a judge against whom a motion for change of judge is filed, supported by an affidavit in proper form, either to withdraw from the case or, upon denial of prejudice, to request that a referee be appointed by this court to hold a "good faith" hearing, as in *State ex rel Lovell* and in this case. It follows, in either event, that no further appearance by the party filing such a motion, or by his attorney, can properly be required by the judge against whom such a motion is filed, nor can the failure to appear at such a hearing be deemed to be a waiver of such a motion. It also follows that provisions of any local rule of court which require such an appearance are invalid.

We are fully aware of the possibilities of abuse in the filing of motions for change of judge. As pointed out, however, in *State ex rel Lovell v. Weiss, supra* (250 Or at 258):

"* * * The filing of a false affidavit is perjury. It is also a violation of Rule 27(4), Rules of Professional Conduct, Oregon State Bar. However, it should require no extended comment to point

out that this court has every confidence in the high ethical standards of the bar of this state, and we are satisfied that when the bar understands the seriousness of the problem affidavits will not be filed unless the parties or counsel can say in good faith that they believe the judge is prejudiced against them."

The bar of this state should also bear in mind that abuses by a few irresponsible lawyers may well result in action by the legislature to impose limitations upon the present liberal statutory provisions for change of judge.

For all of the reasons previously stated the writ of mandamus shall issue in this case.