FOSTER, *Respondent,*
*v.*
ZEILER, *Appellant.*
(No. 6869, SC 25484)

584 P2d 243

Foster A. Glass, Deputy District Attorney, Canyon City, argued the cause and filed the brief for appellant.

Larry Schmauder, John Day, argued the cause and filed the brief for respondent.

DENECKE, C. J.

Linde, J., specially concurring opinion.

## DENECKE, C. J.

This is a mandamus proceeding instituted in circuit court to require the defendant justice of the peace to grant a motion for change of place of trial. The circuit court ordered the justice to allow the motion, and the defendant justice appeals. We affirmed.

The petitioner was a party to a lawsuit in justice court, with defendant presiding. Petitioner filed an affidavit to change the place of trial pursuant to ORS 52.530(1), which provides:

> "The justice shall change the place of trial, on motion of either party to the action, when it appears from a supporting affidavit of the party that:
>
> "* * * * *.
>
> "(b) The justice is so prejudiced against the party making the motion that he cannot expect an impartial trial before the justice."

The petitioner's affidavit alleged that the justice was prejudiced because the attorney representing the opposing party had in the past represented the defendant justice of the peace in matters involving the justice's court.[1] It did not allege that the affidavit was made in good faith.

ORS 52.530 does not require that the supporting affidavit contain an allegation of good faith. Nevertheless, defendant contends that the statute must be construed to require such an allegation, or else the statute violates the separation of powers provision of the Oregon Constitution, Art III, § 1, and is, therefore, invalid.

However, the cases defendant cites do not support this argument. We have never held that an allegation of good faith is constitutionally required in a motion to recuse a judge. We have only held that the legislature

---

[1] In *Best v. Parkes,* 82 Or 171, 173, 161 P2d 255, 256 (1916), we construed the predecessor of ORS 52.530 to require the affidavit to state facts "from which an impartial judge could draw the same conclusion reached by the pleader or the affiant that the justice was prejudiced." We hold that such a statement of facts is also required by ORS 52.530.

cannot confer upon the parties the peremptory power to recuse a judge. *State ex rel Bushman v. Vandenberg,* 203 Or 326, 337, 276 P2d 432, 280 P2d 344 (1955). In *Vandenberg,* we held unconstitutional the 1947 version of the recusation statutes for circuit judges because it granted such peremptory power. The legislature quickly enacted the present recusation statutes, ORS 14.250 to 14.270, which require both an affidavit asserting that the judge is prejudiced and an allegation that the motion is made in good faith. In *State ex rel Lovell v. Weiss,* 250 Or 252, 255, 430 P2d 357, 442 P2d 241 (1968), we held that this change cured the constitutional defect in the former statute, because the allegation of good faith could be contested by the circuit judge moved against.[2] If the allegation of good faith could not be contested, then the present statute would also have been invalid, because the parties could recuse a judge merely by making a pro forma recital of good faith, which would amount to the sort of peremptory challenge held unconstitutional in *Vandenberg.* But the fact that the requirement of a contestable allegation of good faith saved the recusation statutes does not mean that allegations of good faith are now required in all similar contexts. Both *Vandenberg* and *Weiss* approve the alternate procedure adopted in ORS 52.530. *Vandenberg* states:

> "* * * There can be no doubt, however, that the legislature may, without unduly encroaching on judicial power, provide by law for the disqualification of judges for bias or prejudice if the facts establishing such bias or prejudice are required to be stated." 203 Or at 336.

The conclusatory allegation of prejudice itself is not contestable; the purpose of this rule is to serve the "public policy of preserving confidence in an impartial judiciary." *Weiss,* 250 Or at 255. All the affiant need do is to "come forward with some evidence, hearsay or

---

[2]These cases involve the statutes concerning disqualification of a judge for prejudice rather than the statutes concerning motions for a change of the place of trial upon the ground the judge is prejudiced. The parties assume, and we believe correctly, that the same principles apply to both of these statutes.

otherwise, from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in the matter." *Weiss,* 250 Or at 258. *Accord: State ex rel Strain v. Foster,* 272 Or 464, 470-471, 537 P2d 547 (1975).

■ The procedure stated in *Weiss* for establishing good faith is essentially the same as the procedure required by ORS 52.530, as construed in *Best v. Parkes, supra* (82 Or 171): that factual allegations must be made from which an impartial judge could find that the challenged judge was prejudiced. We need not decide whether factual allegations made under ORS 52.530 are contestable, because in this case defendant concedes that the allegation made in the affidavit is true.

■■ Defendant also contends that the facts alleged by petitioner are insufficient to show prejudice on the part of defendant. As discussed above, we have held that where a litigant might reasonably fear that a circuit judge is prejudiced, the cause of justice is best served by assigning the case to a different judge rather than conducting an extensive hearing in an attempt to determine if prejudice actually exists. We believe the same considerations are applicable in justice courts in evaluating the sufficiency of the facts alleged in an affidavit, and that the same standard should be applied. Under that standard, we believe it is obvious that the facts alleged by petitioner are sufficient.

Affirmed.

**LINDE, J.,** concurring.

It is not clear to me how the Oregon Constitution forbids the legislature to provide that a litigant need not go to trial before a judge in whose impartiality he has no confidence, if the provision does not in effect deny the other party a fair trial. Nor is it clear to me why the constitutional obstacle, if any, is removed when the moving litigant must allege his "good faith" and the challenged judge can engage him in a contest

of that "good faith." However, since these questions have not been reopened by the legislature or by the Council on Court Procedures, nor by the parties, and need not be reconsidered in order to reach the result in the present case, I concur in that result.