Argued and submitted May 16, reversed and remanded July 6, 1983

STATE OF OREGON,
*Respondent,*

*v.*

SANFORD EUGENE NOSSAMAN,
*Appellant.*

(10-81-11079; CA A26449)

666 P2d 1351

James R. Strickland, Eugene, argued the cause for appellant. With him on the brief was Curtis & Strickland, Eugene.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for unlawful possession on a dangerous weapon. ORS 166.220. (He was acquitted of a charge of sodomy in the first degree. ORS 163.405.) He contends that he is entitled to a new trial, because the trial judge erred in denying his motion for a change of judge.

■    The procedure for disqualification of a judge is contained in ORS 14.250 and 14.260. If it is established that a circuit court judge is prejudiced against a party or the interest of a party, that judge may not hear the proceeding. ORS 14.250. The method for establishing prejudice is as follows:

> "Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that such party or attorney cannot or believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. * * *" ORS 14.260.

In order to avoid a public controversy over the truth or falsity of an allegation of prejudice, it is the imputation of prejudice alone, if made in good faith, that is sufficient to recuse a judge. *State ex rel Lovell v. Weiss,* 250 Or 252, 255, 430 P2d 357, 442 P2d 241 (1968). *Weiss* held, however, that the fact of the moving party's good faith may be disputed by the challenged judge:

> "An allegation of the judge's prejudice, if filed in good faith, is sufficient on its face to recuse a judge. But it does not necessarily follow that the affiant's allegation of his own good faith is equally efficacious to establish that statutory fact beyond the power of the judge to question it. If we were to hold that an affidavit could, by a pro forma recital of good faith, put beyond question the issue of good faith, it would amount to a holding that good faith in fact is not necessary. Such a holding would render the [present] statute unconstitutional for the same reasons that the 1947 statute before the court in *State ex rel Bushman v. Vandenberg* was unconstitutional." 250 Or at 255.[1]

---

[1] In holding that an opportunity for the challenged judge to contest the affiant's good faith is constitutionally required, the court in *Weiss* may have misplaced reliance

*Weiss* went on to describe what the moving party was required to show if his good faith was challenged:

> "[I]t is not an undue hardship to require him, when his good faith is challenged, to show that his belief is based upon a rational ground and not upon mere pique, whimsy, or imagination.
>
> "The burden of proving good faith, in the particular case in which an affidavit is filed, will be satisfied if the affiant *testifies that he has received information* about the trial judge *which, if true, reasonably could be a basis for a fear of prejudice.* The affiant need not prove that the judge is prejudiced, or even prove that the evidence upon which he bases his apprehension is all true. But he must come forward with some evidence, *hearsay or otherwise,* from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter." 250 Or at 257. (Emphasis supplied.)

If the challenged judge disputes the good faith of the affiant, a hearing on the question is held before a disinterested judge. Even given this procedure, the Oregon disqualification statutes have been called "among the most liberal in the United States." Note, *Disqualification of Judges for Prejudice or Bias - Common Law Evolution, Current Status, and the Oregon Experience,* 48 Or L Rev 311, 375 (1969).

---

on *State ex rel Bushman v. Vandenberg,* 203 Or 326, 276 P2d 432, 280 P2d 344 (1955), which struck down, on separation of powers grounds, a statute allowing for peremptory challenges of judges. The *Vandenberg* court distinguished that statute from an earlier one that was held constitutional in *U'Ren v. Bagley,* 118 Or 77, 245 P 1074 (1926), because the former statute, like the present one, required the moving party to submit an affidavit stating his belief in the prejudice of the judge and that the affidavit was made in good faith and not for the purpose of delay. That affidavit's

> "essential character was not altered because there was no requirement that the facts supporting the claim of prejudice were not required to be stated, *nor because of the impossibility of proving that the affidavit was false or the application not made in good faith, but for unauthorized purposes,* nor because the procedure was 'shamefully abused.'" 203 Or at 336, *quoting U'Ren v. Bagley, supra,* 118 Or at 87. (Emphasis supplied.)

*Vandenberg* struck down a new statute which invested litigants with the power to remove judges in particular cases at will, noting that "[i]t may be true that the same thing was possible under the former statute, but that was only by an *abuse* of the statute, not by using it for the purposes which it was manifestly intended to accomplish." 203 Or at 337. Thus, at least according to *Vandenberg,* a mere imputation of prejudice without more may make the difference between a valid and invalid statute; it therefore does not follow from that case that something more than a recital of good faith is constitutionally required. *See Foster v. Zeiler,* 283 Or 255, 259, 584 P2d 243 (1978) (Linde, J., concurring).

At the hearing held to determine whether defendant was acting in good faith, he testified as follows:

"Q.  [D]o you feel that you can receive a fair hearing before Judge Hargreaves?

"A.  No, I don't.

"* * * * *

"Q.  What is the basis of that belief?

"A.  I - from things that I have heard and read; heard from attorneys and read in articles.

"* * * * *

"Q.  Are you concerned since this is a sex case?

"A.  Yes, because of the charges that I am charged with; the type of charges.

"Q.  Is this made in good faith?

"A.  Yes, it is.

"Q.  Are you prepared to go to trial today in front of any other judge?

"A.  Yes."

The challenged judge did not dispute these statements in any way or show that his disqualification would result in delay of defendant's trial.[2] The motion was denied from the bench, without explanation.

■       We first must determine our scope of review of the decision that the moving party's belief in the judge's prejudice was not held in good faith. The state argues that in denying defendant's motion the trial court found "as a matter of fact" that defendant lacked good faith. Although *Weiss* does refer to the proceeding on the good-faith issue as a "fact-finding hearing," (250 Or at 257), it appears from the portion of the opinion quoted above that it is actually the legal sufficiency of the affiant's evidence that is determined at the hearing. The information about the judge that the affiant has received is to be taken as true, so there is no fact-finding to be made unless it is shown that no such information was in fact received. *Weiss* also states that the affiant satisfies his burden if he "testifies" that he has received information which, if true, reasonably

---

[2] Lane County, when defendant was tried, had nine circuit court judges. Or Laws 1981, ch 759, § 1.

could be a basis for a fear that the judge is prejudiced. The presiding judge thus is not at liberty to disbelieve the facts related in affiant's testimony.[3] The finding to be made is therefore solely whether the affiant, his testimony taken as true, has produced sufficient evidence to satisfy a legal standard, a purely legal question.

We recognize that the inability to contradict the affiant's testimony creates the possibility of abuse, but we will not construe the law in expectation that attorneys or parties will lie under oath. *See State ex rel Strain v. Foster,* 272 Or 464, 475-76, 537 P2d 547 (1975); *State ex rel Lovell v. Weiss, supra,* 250 Or at 258. Furthermore, to allow the affiant's credibility to be put at issue at the hearing would create the possibility of an unseemly contest between the challenged judge and the affiant as adversaries. Such a proceeding would defeat the purpose of the firmly established policy of avoiding "a public controversy over the truth or falsity of a specific allegation of prejudice." *State ex rel Lovell v. Weiss, supra,* 250 Or at 255.

We find that, although meager, defendant's showing satisfied the *Weiss* standard and defendant's motion to disqualify was erroneously denied. The fair import of defendant's testimony was that he had received information, from more than one attorney and from written sources, that the judge was prejudiced against a certain class of criminal defendants of which he was a member. *Weiss* expressly permits reliance upon hearsay evidence. Defendant's belief in the judge's prejudice was thus not based on "mere pique, whimsy or imagination," but on information he had received concerning the judge's reputation. It is irrelevant that defendant's sources were not identified so that their credibility might have been independently rated, because we must assume, in determining the reasonableness of defendant's belief, the truth of the information that he received which formed the basis of his apprehension. It is not necessary that a moving party be in possession of specific facts from which he can independently determine whether a judge is prejudiced against him. Defendant relied on

---

[3] It is impossible to determine whether the court denied defendant's motion because it did not believe that defendant had actually received the information that he said he did or because it found that defendant had produced insufficient evidence to satisfy the *Weiss* standard. The challenged judge, who appeared at the hearing, did not cross-examine defendant and argued at the close of defendant's testimony that the evidence was insufficient to meet the *Weiss* standard.

reputation evidence derived from persons whom he could reasonably have assumed were in a position to have informed opinions as to the judge's impartiality or prejudice in a certain class of case. We find it reasonable for defendant to have relied on the information he had received to form a belief that the judge was prejudiced against him. Obviously, a belief that a judge is prejudiced in favor of enforcing the law is insufficient to disqualify that judge. Defendant has shown more than that.

We emphasize that the actual fact of the challenged judge's prejudice was not in issue, but only the good faith of defendant's belief.

> "The legislature in effect has said that it is better, as a matter of public policy and the due administration of justice, that a judge, when challenged for bias or prejudice, should not act in that particular cause, even though he be blessed with all of the virtues any judge ever possessed." *U'Ren v. Bagley,* 118 Or 77, 82, 245 P 1074 (1926).

Denial of a motion for change of judge for the purpose of discouraging judge shopping is understandable but is in substantial conflict with the liberality of our disqualification statutes, which are

> "not primarily concerned with the respective rights of the judge, litigant or attorney in any particular case. Instead, * * * the primary concern of the law is that the courts and the judges of Oregon, as a matter of public policy, shall maintain the confidence of the people." *State ex rel Strain v. Foster, supra,* 272 Or at 470.

The state argues that any error in denying defendant's motion should be considered harmless. We disagree. A judgment entered by a judge who has been disqualified in the manner prescribed in the statute is void. *Kepl v. Manzanita Corporation,* 246 Or 170, 178, 424 P2d 674 (1967).

Because the question is likely to arise on defendant's retrial on the dangerous weapon charge, we have considered his second assignment of error, relating to a jury instruction. Defendant was convicted of violating ORS 166.220, which reads in part:

> "(1)  Any person * * * who with intent to use the same unlawfully against another, carries or possesses a * * * loaded pistol, revolver or other firearm * * * or any other dangerous or deadly weapon or instrument, commits a Class C felony.

"(2) The carrying or possession of any of the weapons specified in subsection (1) of this section by any person while committing, or attempting or threatening to commit a felony or a breach of the peace or any act of violence against the person or property of another is presumptive evidence of carrying such weapon with intent to use the same in violation of subsection (1) of this section.

"* * * * *."

The jury was instructed as follows:

"And the carrying or possession of a dangerous weapon as that term has been defined to you, while attempting to commit, committing, or threatening to commit a felony such as sodomy in the first degree as that crime was defined, or while attempting to commit, committing, or threatening to commit any act of violence against the person or property of another, is sufficient evidence unless equaled or outweighed by other evidence of carrying such a dangerous weapon with the intent to use it unlawfully against another person."

The trial court replaced the statutory language "is presumptive evidence of" with "is sufficient evidence unless equaled or outweighed by other evidence of." Defendant argues that the instruction shifted to him the burden of disproving an element of the state's case against him, in violation of OEC 309:

"Presumptions in criminal proceedings. (1) The judge is not authorized to direct the jury to find a presumed fact against the accused.

"(2) When the presumed fact establishes guilt or is an element of the offense or negates a defense, the judge may submit the question of guilt or the existence of the presumed fact to the jury only if:

"(a) A reasonable juror on the evidence as a whole could find that the facts giving rise to the presumed fact have been established beyond a reasonable doubt; and

"(b) The presumed fact follows more likely than not from the facts giving rise to the presumed fact."

We disapprove the instruction, because it does not make clear to the jury that finding the presumed fact is merely an inference that it is permitted to draw. Instead, it could give the jury the impression that, in the absence of evidence from the defendant, an element of the charge is to be presumed from

proof of different facts, a violation of OEC 309(1). *See State v. Thorne,* 41 Or App 583, 599 P2d 1206 (1979). Defendant argues that on retrial the jury should not be instructed according to the presumption of ORS 166.220(2), even in language that makes it clear that the presumption is only a permissible inference. That depends on whether the evidence produced at defendant's new trial fulfills the requirement of OEC 309(2)(a).

Reversed and remanded for a new trial.