Argued September 13, peremptory writ allowed October 9, 1972

STATE ᴇx ʀᴇʟ SMITH, *Petitioner, v.*
SAWYER, *Respondent.*

501 P2d 792

*Jon H. Paauwe,* Deputy District Attorney, Medford, argued the cause for plaintiff.

*Michael Brian* of Day, Putney & Brian, Medford, argued the cause and filed a brief for defendant.

McALLISTER, J.

This is an original proceeding in mandamus in which petitioner, district attorney for Jackson County,

asks that respondent, circuit judge of the First Judicial District, be ordered to convene a twelve-member jury to try the case of *State v. Robert Warren Coiner* in which the defendant was charged with a felony. We issued an alternative writ, and respondent has demurred on the ground that the writ fails to state a cause of action.

The writ alleges, in substance, that respondent, with the consent of the defendant, but over the objection of the prosecutor, ordered the defendant in *State v. Coiner* to be tried before a jury of six persons who were to be instructed that their verdict must be unanimous. Article I, Section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * * provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing; provided, however, that in the circuit court ten members of the jury may render a verdict of guilty or not guilty, * * *."

Respondent contends that his authority to permit the trial of a criminal case in the circuit court upon the election of the accused person without the consent of the state is derived solely from Art I, § 11. Respondent argues that since Art I, § 11, permits the accused, with the consent of the court, to waive trial by jury, it also permits him, with the consent of the court, to waive trial by a twelve-member jury. He further argues, in effect, that waiver of trial by jury and waiver of a twelve-member jury are essentially the same thing. Respondent further contends that because his authority is derived from the constitution he is not

controlled by ORS 136.210, which provides in pertinent part:

> "In criminal cases the trial jury shall consist of 12 persons unless the parties consent to a less number. * * *"

Respondent's argument ignores that portion of Art I, § 11, which provides that in all but first-degree murder cases a verdict in the circuit court may be rendered by ten members of the jury. This provision obviously contemplates a jury of twelve persons and makes no provision for a less than unanimous verdict if a jury of less than twelve members is used. It would seem to follow that if Art I, § 11, will permit the use of a jury of less than twelve members, its verdict must be unanimous.[①] Both parties concede that ORS 136.610 (2) so provides.[②]

■ ■ That portion of § 11 which authorizes ten members of a jury to render a verdict was added to § 11 by an amendment adopted in 1934. It clearly appears from the argument in the Voters' Pamphlet that the amendment was intended to make it easier to obtain convictions.[③] In *Apodaca v. Oregon,* 406 US 404,

---

[①] We need not consider whether Art I, § 11, in any way inhibits the legislature from authorizing the use of juries of less than twelve members.

[②]

"Except as otherwise provided, the verdict of a trial jury in a criminal action shall be unanimous."

[③]

"The laws of Oregon now prohibit the court from commenting on the fact that the accused in a criminal case has failed to take the witness stand and testify in his own defense, and the judge is also prevented from commenting on the value of the evidence introduced on behalf of the defendant no matter how flimsy the defense of the accused may be. Our laws also require that the evidence against the defendant must be so conclusive as to the culprit's guilt that the jury must be

(Continued on page 139)

92 S Ct 1628, 32 L Ed 2d 184 (1972), the United States Supreme Court held that our provision for a nonunanimous verdict did not violate federal constitutional guarantees in the face of a forceful dissent by Douglas, J., which pointed out that the prosecutor is able to obtain more convictions under our system. If the accused, by electing to be tried by a jury of ten or less, can require a unanimous verdict, the state would lose the advantage of a conviction by a less than unanimous verdict. We think the accused, even with the consent of the court, cannot thwart the will of the people as expressed in the 1934 amendment to Art I, § 11.

Since this case is controlled by the unique provision of our constitution permitting a verdict to be rendered by ten members of the jury we need not consider the cases cited by relator which deal with constitutions not containing such a provision.[4]

(Continued from page 138)

convinced beyond any reasonable doubt or to a moral certainty of that guilt before it is privileged to find a verdict of guilty. Twelve jurors trying a criminal case must be unanimous in their decision before the defendant may be found guilty.

"The proposed constitutional amendment is to prevent one or two jurors from controlling the verdict or causing a disagreement. The amendment has been endorsed by the district attorney's association of this state and is approved by the commission appointed by the governor to make recommendations amending criminal procedure.

"Disagreements not only place the taxpayers to the expense of retrial which may again result in another disagreement, but congest the trial docket of the courts.

\* \* \* \* \*

"Disagreements occasioned by one or two jurors refusing to agree with 10 or 11 other jurors is a frequent occurrence.

"One unreasonable juror of the 12, or one not understanding the instructions of the court can prevent a verdict either of guilt or innocence."

Voters' Pamphlet, Special Election May 18, 1934, p 7.

[4] The cases cited by relator do not control the construction of Art I, § 11. Patton v. United States, 281 US 276, 50 S Ct 253,

The peremptory writ will issue, directing respondent to impanel a jury of twelve persons to hear the trial of *State v. Robert Warren Coiner,* and to instruct the jury that ten of their number may render a verdict.

74 L Ed 854, 70 ALR 263 (1930); State v. McGee, 447 SW2d 270 (Mo 1969). Although these decisions do equate waiver of a jury trial with waiver of a 12-member jury, they hold only that trial by a jury of less than 12 members is constitutionally permissible. In both cases the consent of the prosecutor, as well as that of the court and the defendant, was obtained, and dictum in *Patton* indictates that the prosecutor's consent to the use of the smaller jury may be required. 74 L Ed at 870. See, also, Singer v. United States, 380 US 24, 85 S Ct 783, 13 L Ed 2d 630 (1965), holding that Rule 23(a) of the Federal Rules of Criminal Procedure, which conditions a waiver of a jury trial upon the consent of both the trial court and the prosecutor, is valid.