Argued March 27, reversed and remanded; probation
revocation affirmed April 16, 1973

## STATE OF OREGON, *Respondent, v.*
## WILLIE JOHNSON (Nos. C-72-03-0987 Cr
## and C-70-10-0192 Cr), *Appellant.*

508 P2d 840

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

■ Defendant was tried to a six-man jury, found guilty by a 5-1 verdict of being an ex-convict in possession of a concealable firearm. He had requested the trial court to instruct the jury that a unanimous verdict was required. Defendant received a 14-month sentence. He appeals, urging that acceptance by the court of less than a unanimous verdict was error. We agree and reverse and remand.

In *State ex rel Smith v. Sawyer,* 263 Or 136, 138, 501 P2d 792 (1972), the Oregon Supreme Court stated:

"* * * This provision [Art I, § 11] obviously contemplates a jury of twelve persons and makes no provision for a less than unanimous verdict if a

jury of less than twelve members is used. It would seem to follow that if Art I, § 11, will permit the use of a jury of less than twelve members, its verdict must be unanimous. Both parties concede that ORS 136.610 (2) so provides."

Although the above language was not essential to the holding in the case, it is persuasive and also consonant with our own interpretation of the law. Since the defendant had not expressly stipulated to a less than unanimous verdict, the conviction must be reversed and the cause remanded for a new trial.

The above case was consolidated for consideration in this court with an appeal from an order revoking probation. Probation had been granted to defendant upon his earlier conviction for receiving and concealing stolen property. Defendant, upon that conviction, was sentenced to five years' imprisonment, execution of sentence was suspended and he was placed on probation for three years. In his second assignment of error defendant contends that the sole basis for the revocation of probation was defendant's conviction by the less than unanimous verdict in which he was found guilty of being an ex-convict in possession of a firearm. We disagree.

The trial court did not limit its reason for revoking probation to the conviction of defendant as an ex-convict in possession of a firearm. At the revocation hearing defendant admitted through his attorney that in the presence of defendant a .32 caliber pistol had been found in defendant's suitcoat during a search of defendant's hotel room.

■ Based upon the evidence before it, the court was at liberty to find the defendant as an ex-convict was in possession of a firearm in violation of law. Con-

viction of a crime is not required for revocation of probation. As we said in *State v. Frye,* 2 Or App 192, 195, 465 P2d 736 (1970):

> "The standards which the trial court may expect of its probationers are set forth in *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964), as follows:
>
> " '* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.' "

■■ Defendant contends that the court prematurely revoked his probation before the facts as to defendant's possession of the gun were brought to the court's attention in the hearing. The order revoking probation which was entered *after* the hearing recites that

> "* * * counsel having stipulated to the testimony of the Probation Officer, and after hearing statements of counsel for the defense, * * * the court FINDS that said defendant has violated the conditions of his probation. * * *"

There was no error in revoking probation.

Reversed and remanded; probation revocation affirmed.