Argued July 21, affirmed August 25, reconsideration denied October 8, petition for review denied November 18, 1975

## STATE OF OREGON, *Respondent, v.* DANA B. ROBINSON (No. 74-5606), *Appellant.*

539 P2d 164

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

The issue is whether, when a defendant has consented to trial before a jury of six, his attorney can act for him in waiving his right to have the jury decide the issue of guilt or innocence by an unanimous verdict.

The defendant was charged with burglary. On January 13, 1975, he appeared in court through his attorney and stated that he was ready to go on trial, agreed to stand trial before a jury of six, and agreed that five of the six could render a verdict. On January 15, 1975, trial commenced before a different judge. Just prior to selection of the jury the defendant and his attorney signed a printed form entitled, "Election to Waive Jury of 12." The form, omitting the caption, read as follows:

"Comes now defendant, Dana Bruce Robinson, and does hereby elect to waive trial by a jury of twelve and consents that the case may be tried by a jury of six.*

"/s/ Dana B. Robinson
Defendant

"I, Ross Shephard, do hereby certify that I am the attorney for the defendant, Dana Bruce Robinson; that I have discussed the matter of waiver of trial by a twelve man jury with the defendant and advised him that he is entitled to such a jury trial; that he desires to waive that right; that in my opinion the within election is well founded and is not made for purposes of delay and in support thereof defendant will rely upon Article 1, Section 11, Oregon Constitution.

"/s/ Ross M. Shephard
Attorney for Defendant

"DATED this 15th day of January, 1975.

"* Verdict of guilty or not guilty must be unanimous. Each side is permitted three peremptory challenges. The defendant exercises the first challenge."

The record indicates that the number of jurors necessary to reach a verdict was not discussed at the time the form was signed.

At conclusion of the trial the trial judge instructed the jury that five of its number could reach a verdict. The defendant did not object to this instruction or make any comment with regard to it. In fact, the defendant specifically stated that he had no exceptions to any of the instructions given. The defendant was found guilty by a verdict concurred in by five of the six jurors. When the jury advised the trial judge that its verdict was not unanimous and a poll of the jury disclosed that one of the six jurors had voted against conviction, the verdict was received without objection or comment by defendant. In fact, the defendant raised the issue for the first time in his brief on appeal.

■ We agree with the defendant that in *State v. Johnson,* 13 Or App 79, 80, 508 P2d 840 (1973), we held that the verdict of a jury of less than 12 must be unanimous unless there is a stipulation to the contrary. However, this is no comfort to the defendant here, because in the extremely unlikely event that defendant's counsel withdrew his January 13 agreement to a less than unanimous verdict prior to the commencement of trial, he waived defendant's right to an unanimous verdict when he acceded by silence to the judge's instruction that five of the jurors could reach a verdict.

■■ Generally, a lawyer can bind his client. With

regard to jury trial, arguably ORS 136.001[1] requires that the defendant himself must waive this right. However, we do not read the statute as extending to a determination of the size of the jury as distinguished from the determination as to whether trial should be to a jury or to a judge alone.

If defendant's counsel did not properly represent defendant (nothing in the record before us so indicates), defendant's remedy, if any, in such event does not lie in a direct appeal.

Affirmed.

---

[1] "(1) The defendant in all criminal prosecutions shall have the right to public trial by an impartial jury.

"(2) The defendant may elect to waive trial by jury and consent to be tried by the judge of the court alone, provided that the election is in writing and with the consent of the trial judge." ORS 136.001.