Argued May 24, reversed and remanded
for new trial August 20

STATE OF OREGON,
*Respondent,*
*v.*
CHARLES DANIEL THORNE,
*Appellant.*

(No. 77-141-C-3, CA 12709,
No. 78-533-C-3, CA 12710)
(Cases Consolidated.)

599 P2d 1206

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant seeks reversal of his conviction for robbery in the first degree and vacation of an order revoking his probation. Defendant contends that a jury instruction, couched in terms of a disputable presumption, shifted the burden of proof to him as to one element of the crime and that a photo throwdown should not have been submitted to the jury. We reverse and remand.

Defendant was charged by indictment with robbery in the first degree under the theory that he used a dangerous weapon, ORS 164.415(1)(b),[1] in the course of committing a theft, ORS 164.395.[2] At trial, the victim testified that a moustached assailant had pulled a gun and threatened to kill her while she was on duty in a grocery store. She testified that she had given him money from the cash register at his request and that he had repeatedly thrust a gun at her head, demanding money from a safe to which she had no key. She stated that the assailant had told her the gun was loaded and repeatedly threatened to kill her, and that she had heard the gun cock and was certain it was a real gun. The assailant fled with the money without firing the gun.

[1] ORS 164.415(1)(b) provides in pertinent part:

"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"* * * * *

"(b) Uses or attempts to use a dangerous weapon;"

[2] ORS 164.395 provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony."

The victim was shown a photo throwdown containing two photographs of the defendant, one with a moustache and one without. She expressed certainty that the moustached photograph was of her assailant and said that the photograph of defendant without a moustache looked like her assailant. At trial, she positively identified defendant as the robber. The entire series of photographs was received into evidence over defense objection.

■ At the close of trial, the following jury instruction was given over defense objection:

"* * * * *

"The law provides for certain disputable presumptions which are to be considered as evidence. A presumption is a deduction which the law expressly directs to be made from particular facts and is to be considered by you along with other evidence. However, since these presumptions are disputable presumptions only, they may be outweighed or equaled by other evidence. Unless outweighed or equaled, however, they are to be accepted by you as true.

"The following disputable presumption may be applicable in this case. If you find that a firearm was pointed at another within firing range, then you are permitted, but not required, to infer that the firearm was loaded.

"* * * * *"

Citing *State v. Stilling,* 285 Or 293, 590 P2d 1223 (1979), defendant argues that the instruction unconstitutionally shifted the burden of proof to defendant as to one element of the crime, *i.e.,* the dangerousness of the weapon, by requiring the defendant to prove the gun was not loaded.

The defendant in *Stilling* contended that the following instruction had denied him due process by shifting the burden of proof.

" 'There is a disputable presumption that a person intends the ordinary consequences of his voluntary acts and that an unlawful act was done with an unlawful intent. You may infer intent in accordance with this rule.' " 285 Or at 295.

The Supreme Court held "usage of the words 'disputable presumption' or 'presumption' in a jury instruction on the intent element of a crime to be impermissible when the presumption runs contrary to the burden of proof in the case." 285 Or at 297. Since the prosecution in a criminal case has the burden of proving beyond a reasonable doubt each and every element of the crime charged, *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), we hold the same rule holds true as to the element of using a dangerous weapon which elevates third degree robbery to first degree robbery.[3]

The Supreme Court held that the instruction challenged in *Stilling* did not, in fact, shift the burden of proof because it did not explain the effect of the disputable presumption and was qualified in terms of a permissive inference. 285 Or 298. Like the instruction in *Stilling,* the instruction before us in this case is couched in terms of a permissive inference. It is, however, called a disputable presumption and is introduced by a comprehensive explanation of the effect of a disputable presumption which includes the language, "[u]nless outweighed or equaled, however, * * * [disputable presumptions] are to be accepted by you as true." This language has the effect of shifting the burden of proof to the defendant as to whether the gun was loaded.

The state argues that this shifting is of no moment because the jury was never told it had to find the gun was loaded in order to find defendant guilty of first degree robbery. The jury was, however, given the statutory definition of a "dangerous weapon" which is as follows:

---

[3] We note, however, that the Supreme Court has held that the following instruction, couched in terms of a permissive inference, does not shift the burden of proof to the defendant:

"* * *[I]f a firearm is pointed at another within firing range, you are permitted but not required to infer that the firearm was loaded.' * * *" *State v. Vance,* 285 Or 383, 385, 591 P2d 355 (1979).

"(1) 'Dangerous weapon' means any instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1).

To have been readily capable of causing death or serious injury under the circumstances in which it was used, the gun would have had to be loaded. Further, both attorneys discussed whether or not the gun had been proven to be loaded in their closing arguments. We find that the jury could infer from the "dangerous weapon" instruction that the gun had to be loaded in order for first degree robbery to be proven under the circumstances of this case.

Since the burden of proof was shifted as to the "dangerous weapon" element, defendant was denied due process and the case must be reversed and remanded for a new trial.

■ We deal with the other assignment of error raised by defendant because it may arise on retrial; this was the admission by the trial court of the photographic throwdown used by police for initial identification purposes. We have examined the photographs, each of which is accompanied by a reference to the sheriff's office, a number and a date, and find them to be what would likely be known to the jury as "mug shots" thus to associate the persons depicted with criminal activity.

Generally, "evidence of other criminal or other socially disapproved acts of the defendant is admissible only if relevant to show identity, intent or something other than mere propensity to commit the crime with which he is charged * * *." *State v. Jackson,* 31 Or App 645, 647, 571 P2d 523 (1977), *rev den* (1978). Although the photographs had some probative value in that they bolstered the identification of the defendant, in light of the fact that the victim made a positive in-court identification, we find the prejudicial effect of the photographs outweighed their probative value and

[588]

that they should not have been admitted. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). On retrial, these pictures should be admitted only if they can be altered so as not to be recognizable as mug shots.[4]

At the time of his trial, defendant was on probation for a previous burglary. After his conviction in this case, his probation was revoked. While conviction of a crime is not required for probation revocation, *State v. Johnson,* 13 Or App 79, 508 P2d 840 (1973), it is clear from the trial judge's statements at the sentencing hearing that defendant's conviction was the sole basis for the revocation;[5] further, it is conceded by the state that the revocation stands or falls with the conviction. The revocation order is, therefore, vacated for reconsideration.

Reversed and remanded for new trial.

**TANZER, J.,** dissenting.

I agree with the conclusion of the majority that the instruction was erroneous, but would hold that the error was harmless.

The victim testified that defendant held the gun four inches from her face, cocked it, told her that the

---

[4] We express no opinion as to whether the state might present other evidence of the out-of-court identification.

[5] The relevant portion of the trial judge's comments is as follows:

"THE COURT: That's right. The original indictment was burglary in the first degree. You received three years probation through the Corrections Division on June 21, 1977. There is now on file with the Court a motion requesting that that probation be revoked *for the reason that you on September 12th of this year, 1978, were found guilty of the crime of robbery in the first degree.*

"Mr. Thorne, you are entitled to a hearing on this motion to determine whether you have in fact been found guilty of that charge, and then if you have, whether or not your probation should or should not be revoked.

"* * * * *

"THE COURT: Do you admit or deny that, Mr. Thorne, that you were convicted on September 12th, 1978, of robbery in the first degree?

"THE DEFENDANT: Yes, I was." (Emphasis supplied.)

gun was loaded, and threatened to kill her if she did not cooperate. The defendant offered no contrary evidence. The lawyers argued the loaded gun issue as one of inference with no mention of presumptions. The actual instruction of the court was in terms of permissible inference; only the preamble was incorrect and the net effect was innocuous at worst.

Under all these circumstances, I cannot believe that a reasonable jury would have found differently. I would so hold beyond a reasonable doubt and affirm the conviction on the ground that the error was harmless.