PER CURIAM.
The defendant, Melvin Douglas Reid, appeals from his convictions for two counts of first degree murder and two counts of attempted first degree murder. We reverse and remand for a new trial.
During the jury deliberation, the jury foreman gave a note to the trial court which stated that the jury had reached a vote of eleven to one and there was no chance of that one juror changing his mind. After reading the foreman’s note to the parties, the trial court stated: “You all do have the option to take the less than unanimous verdict if you want to. Either side or both sides have to agree to it.” In response, the defense counsel stated: “I will talk to the Defendant about it. If the State is willing to do it, if they are not, I think it is kind of silly for me to speak to him.” After speaking with the defendant, defense counsel informed the trial court that the defendant wanted “to go with the majority vote of the jurors.” After reviewing Flaming v. State, 597 So.2d 864 (Fla. 3d DCA), review denied, 605 So.2d 1266 (Fla.1992), the trial court stated: “But it’s my understanding that — I don’t feel comfortable doing it. Let me tell you why, this says the waiver should be initiated by the defendant, not the judge or the prosecutor. And also, unless initiated by the defendant, I don’t want to do it. I just brought it up because you were just talking about that just a few minutes ago.” However, soon after, the trial court allowed the defendant to waive his right to a unanimous verdict.
The jury returned its verdict of guilty as charged on all counts with a vote of 11 to 1. The defendant’s appeal followed.
The defendant contends that the trial court erred by finding that the defendant validly waived his rights to a unanimous jury verdict where the trial court initiated the waiver. We agree.
This Court has addressed this issue in Flaming. In Flaming, this court held:
Before allowing the defendant to waive the right, the following criteria should be met: (1) the waiver should be initiated by the defendant, not the judge or prosecutor; (2) the jury must have had a reasonable time to deliberate and should have told the court only that it could not reach a decision, but not how it stood numerically; (3) the judge should carefully explain to the defendant the right to a unanimous verdict and the consequences of a waiver of that right; and (4) the judge should question the defendant directly to determine whether the waiver is being made knowingly and voluntarily.
Flanning, 597 So.2d at 867-68 (quoting Sanchez v. United States, 782 F.2d 928, 932, 934 (11th Cir.1986)).
In the instant case, the first Flaming requirement was not met. The transcript of the proceedings indicates that it was the trial judge, not the defendant, who initiated the waiver. After reading the jury foreman’s note, the trial judge stated: “You all do have the option to take the less than unanimous verdict if you want to. Either side or both sides have to agree to it.” The defense counsel’s comment indicates that he had not yet spoken to the defendant about waiving his right to a unanimous verdict when the defense counsel stated: “I will talk to the Defendant about it. If the State is willing to do it, if they are not, I think it is kind of silly for *1173 me to speak to him.” In our view because it is clearly the trial judge, not the defendant, who initiated the waiver, pursuant to Flanning, the trial court erred by allowing the defendant to waive his right to a unanimous verdict.
The defendant also argues that the other three Flanning requirements were not met. However, because of our disposition, we do not need address the other three Flanning requirements or the other issues raised by the defendant on appeal. The case is reversed and remanded for a new trial.
Reversed and remanded.