No. 1139　　　　December 31, 2025　　　　187

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAGE BRUCE BUTLER,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR28061; A177563

Sheryl Bachart, Judge.

Argued and submitted January 22, 2024.

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Vacated and remanded.

**POWERS, P. J.**

In this criminal appeal, defendant appeals from a judgment of conviction for three counts of first-degree rape; five counts of first-degree sexual abuse; four counts of unlawful delivery of a marijuana item; and one count of attempted first-degree rape. In his first assignment of error, defendant challenges the denial of his motions to disqualify the trial judge before his jury trial. Before trial, defendant and the state reached a tentative plea agreement. During a pre-plea proceeding, the trial judge told the parties that she would not accept their tentative agreement, and she provided an opinion about what terms that she might find acceptable. During those discussions, the judge opined about the extent of defendant's offenses, his culpability, and the degree of harm that he had caused to the victim. The judge also expressly rejected some of defense counsel's representations about defendant's low risk of reoffending and other mitigation information that was based on an expert's psychosexual evaluation. Defendant subsequently entered not guilty pleas and, a few days after entering those pleas, filed a motion to change judge, which the trial court denied.

On appeal, defendant argues that both Oregon statutes and the Due Process Clause of the United States Constitution required that the trial judge be disqualified from presiding over his trial under these circumstances. We conclude that, construing ORS 135.432 and ORS 14.260 correctly, defendant's motion to change judge was erroneously denied as precluded by ORS 14.260(3), which limits the timing of such a motion.[1] Further, neither defendant's

---

[1] ORS 135.432 provides, in part:

"(1)(a) The trial judge may not participate in plea discussions, except:

"* * * * *

"(B) To participate in a tentative plea agreement as provided in subsections (2) to (4) of this section;

"* * * * *

"(b) Any other judge, at the request of both the prosecution and the defense, or at the direction of the presiding judge, may participate in plea discussions. Participation by a judge in the plea discussion process shall be advisory, and shall in no way bind the parties. If no plea is entered pursuant to these discussions, the advice of the participating judge shall not be reported to the trial judge. If the discussion results in a plea of guilty or no contest, the parties, if they both agree to do so, may proceed with the plea before a judge

second assignment of error—concerning a post-trial motion to disqualify the trial judge ahead of sentencing—nor his *pro se* supplemental assignments provide a basis for reversal.[2] Accordingly, we vacate the trial court's judgment and remand for further proceedings.

     The relevant facts are procedural and are not in dispute on appeal. A grand jury indicted defendant on four counts of first-degree rape, ORS 163.375 (Counts 1, 7, 11, and 18); six counts of first-degree sexual abuse, ORS 163.427 (Counts 2, 4, 5, 8, 12, 19); five counts of unlawful delivery

involved in the discussion. This plea may be entered pursuant to a tentative plea agreement as provided in subsections (2) to (4) of this section.

     "(2)  If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or no contest in the expectation that charge or sentence concessions will be granted, the trial judge, upon request of the parties, may permit the disclosure to the trial judge of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. The trial judge may then advise the district attorney and defense counsel whether the trial judge will concur in the proposed disposition if the information in the presentence report or other information available at the time for sentencing is consistent with the representations made to the trial judge."

     ORS 14.260 (2015), which is the version that applies to this case, was amended in 2023, adding a provision concerning law firms, parties, or institutional entities effectively blocking individual judges from assignment to certain types of cases. *See* Or Laws 2023, ch 289, § 1 (adding subsection (7) and a reference to subsection (7) in subsection (1)). The 2023 changes did not substantively change any of the existing text of the statute and have no effect on the analysis of this case. For that reason, we cite the current version of the statute throughout this opinion. ORS 14.260 provides, in part:

     "(1)  Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that the party or attorney believes that the party or attorney cannot have a fair and impartial trial or hearing before the judge, and that it is made in good faith and not for the purpose of delay. *** [N]o specific grounds for the belief need be alleged. The motion shall be allowed unless the judge moved against, or the presiding judge for the judicial district, challenges the good faith of the affiant and sets forth the basis of the challenge. In the event of a challenge, a hearing shall be held before a disinterested judge. The burden of proof is on the challenging judge to establish that the motion was made in bad faith or for the purposes of delay.

     "* * * * *

     "(3) A motion to disqualify a judge may not be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding."

[2] As we will explain, defendant will be free on remand to make additional arguments for a change of judge because the timeliness ruling cut off arguments on the merits. Defendant's second assignment of error is not adequately preserved; his *pro se* supplemental assignments of error are not sufficiently developed and not adequately preserved.

of a marijuana item, ORS 475B.346(3)(b) (Counts 6, 10, 16, 17, and 21); and four counts of incest (Counts 3, 9, 15, and 20).[3] All of the offenses were alleged to have been committed against defendant's step-daughter when she was 12 to 13 years old.

Before trial, defendant and the state engaged in plea negotiations. The parties reached a tentative plea agreement, which the prosecutor put on the record at a pre-plea conference: Defendant would plead guilty to one count of first-degree rape and three counts of first-degree sexual abuse; the sentences would be pursuant to ORS 137.700; the sentences would be consecutive, and the resulting total sentence would be between about 27 years and 34 and a half years.

The trial judge told the parties that she would reject that plea deal. She explained that it did not adequately reflect the extent of defendant's conduct and was not proportionate to the harm that he had inflicted:

"[THE COURT]:   The—my concern, biggest concern I have to say is the safety of the community and the risk to reoffend here. And [a psycho-sexual report author's] ultimate conclusion is that [defendant is] at a low risk to reoffend, given what is described in here, is very hard to accept. And how I—he—truly, he's never engaged in treatment before.

"* * * * *

"He has a disturbing criminal history. He has 21 prior convictions. Many of which are assaultive in nature. Person crimes, he has a total of 11 person felonies. He has a long history in the criminal justice system.

"He has a long history of himself being sexually abused and disclosed a lot of other sexual abuse of other partners

---

[3] Before trial, the court dismissed the incest charges on the state's motion. At trial, defendant moved for judgment of acquittal on Count 18, and the state essentially conceded that there was not sufficient evidence for that offense, but asked for an instruction on the lesser-included offense of attempted first-degree rape. The jury found defendant guilty of that lesser-included offense. In addition, at trial, during the colloquy about the motions for judgments of acquittal, the trial court dismissed Counts 13, 14, and 17 on the state's motion. The jury found defendant guilty on all of the other counts as charged. After sentencing, in an amended judgment, the court merged Count 5 with Count 4.

in his evaluation. This wasn't an isolated incident. He describes the incident—incidents, with the alleged victim here.

"The troubling [part] to the Court is not pled, but the many times that—at least [the victim] reported and is included in his report—she told him to stop. He didn't. She communicated that verbally and physically to him.

"She's only 13. She was impregnated by him. I understand she, at 13, had to undergo an abortion.

"[DEFENSE COUNSEL]:   Yes.

"THE COURT:   I don't know what her—after this happened, her mother chose the defendant over her. Left with him. I don't know how more damaged—damage you can do to a 13-year-old than what this little girl has got—had to go through.

"There's multiple different rapes. The proposed settlement only—there's different Rape in the First Degrees that are pled. He's only pleading to one and three counts of Sex Abuse.

"I know it's a lengthy sentence that's being contemplated, but what I'm most troubled by is they do not represent his conduct. I don't believe that it's proportionate to the harm that was suffered here.

"And I have no confidence that he is going to be reformed and that he will not be released from custody and still pose a danger to the community. And what I'm most troubled by is the single count of Rape, given how many times—he didn't just sexually abuse her.

"He raped her multiple different times. And multiple different times she told him to stop; and, again, it was communicated verbally and physically to him. I don't think the single count really—that's what I'm most disturbed by, this proposed settlement.

"So I don't do this often. I've only done it I think twice before, but I'm not—I'm rejecting the proposed settlement. I have significant concerns about community safety when he's released. At 66 [years old], he's still going to pose a threat."

After the trial court rejected the proposed plea agreement, defense counsel inquired whether the court

would allow the parties to continue negotiations to see if they could come to an agreement that would satisfy the court. The judge noted that she would be out the next day, a Thursday, but that the parties could have until Monday to reach a new agreement. She also invited the parties to communicate a new proposal to her by email "rather than have to have another hearing." Defense counsel then inquired about what sort of agreement the judge might accept.

> "[DEFENSE COUNSEL]: So as far as something that— that the Court would find acceptable, if there is something to find acceptable—
>
> "* * * * *
>
> "[DEFENSE COUNSEL]:   —can you provide—
>
> "* * * * *
>
> "THE COURT:   If he were to plead to two Rapes and two Sex Abuse I, all separate incidents, I would agree to the proposed settlement."

Defense counsel had previously noted that, if defendant were to be convicted of more than one count of first-degree rape, ORS 137.690 would apply to the second conviction, requiring a sentence of 25 years on that count alone. The following Monday the parties reported that the case would need to be set for trial. Defendant entered "not guilty" pleas the next day.

Within three days of entering not guilty pleas, defendant filed a motion to change judge. Defendant had not been present for the pre-plea conference, but in his affidavit supporting the motion, he asserted that his attorney had informed him of what transpired there. He further averred:

> "Given the outcome of the pre-plea and [defense counsel's description of events], I do not believe that I can have a fair and impartial trial before Your Honor * * *.
>
> "I believe you have already made it clear what sentence, minimally, you would impose if I am found guilty of the offenses herein. I believe you have already made your mind up on the outcome of my sentence and my case has not proceeded to trial."

The court held an initial hearing on the motion. The trial court asserted that it was her understanding that she had participated in the plea process pursuant to ORS 135.432(2) not subsection (1), which would have automatically disqualified her from presiding over the trial. The judge explained that, from her perspective,

> "*** I thought I was just responding to a question by defense counsel as to information that could be provided to [defendant] to assist him in making a decision what would be *** a settlement that would be approved by the Court rather than going back and forth. I thought I was answering that question."

The judge told defendant, who was present for the hearing on the motion,

> "There was no discussion during the pre-plea conference whether you were guilty or not guilty. There was nothing presented by your attorney or the state about the strength or the weakness of the case, nothing.
>
> "*****
>
> "The Court hasn't made any determination whatsoever if you—regarding any factual determinations here. None."

The judge also explained that the presiding judge was the appropriate decisionmaker on the motion, and that she was holding a hearing because she wanted to make a record of her role at the pre-plea hearing and how she understood it. The judge explained:

> "I don't want to—I had this—I scheduled this hearing [on the motion to change judge], but what I don't want is to—since I'm—I wanted to put that on the record regarding the motion, but I don't think it's fair for him to have to litigate this in front of myself.
>
> "And the presiding judge should be the one that ultimately makes a decision whether it's appropriate, I guess, to disqualify me. I shouldn't be the—the one to do that.
>
> "But I wanted to clarify what the role was of the court in conducting a pre-plea conference because from the affidavit or the declaration that was filed in this case, I was a little concerned."

In making a record at the hearing, the judge asserted that the motion was untimely—that defendant's ability to disqualify her under ORS 14.260(1) had "terminat[ed]" when she "made a decision in the case and that was relayed. It wasn't in response to a motion, if you will. It was a request as the *** assigned judge[.] *** I conducted that pre-plea conference." The judge concluded that defendant had gotten

> "what he views as an adverse ruling or a rejection of the proposed settlement and then promptly filed a motion to disqualify so his case could be heard by another judge to get, I'm assuming, a more favorable outcome, which is not what the statute was intended. It's absolutely not what the statute was intended."

In response, defense counsel explained that it was defendant's belief that he could not get a fair trial before the judge and that the motivation was not about trying to obtain a more favorable outcome.

The judge replied that, because she had presided over the pre-plea conference, she had "made a decision on a question of fact" in the case. She then reiterated that the ruling on the motion should be made by the presiding judge, and she facilitated setting a hearing before that judge.

At the hearing before the presiding judge, defendant argued that the motion for change of judge statute does not preclude a defendant from seeking a new judge after a pre-plea conference. The state took no position on the motion. Ultimately, the presiding judge denied the motion, concluding that the trial judge had ruled on a motion or petition.

Defendant went to trial before the same judge who had rejected the tentative plea and opined about what would be an acceptable plea agreement. The jury returned guilty verdicts on all counts that were submitted to it. Defendant was sentenced by the trial judge to more than 70 years in prison.

Because this appeal turns on the proper construction of two statutes, ORS 14.260 and ORS 135.432, we review the rulings below for errors of law. ORS 14.260 and its relevant context govern motions to change judge. Generally, ORS 14.260(1) provides a low bar for parties to

obtain a change of judge. The party must have filed a motion supported by an affidavit that makes specified assertions of fact and belief, which "shall" be granted unless the judge to be changed, or the presiding judge, objects. The basis for the belief does not have to be provided. In the event that there is an objection, the proponent of the motion is entitled to a hearing before a disinterested judge and the burden is on the objecting judge to show that the motion was made in bad faith or for purposes of delay. Additionally, there is a limitation in the statute providing that, if a judge has already ruled on a petition, motion, or demurrer, they cannot be disqualified based on that statute's lenient standard.

ORS 135.432 provides a framework for when and how judges may participate in plea negotiations. In general, that statute prohibits a judge who has participated in plea negotiations from sitting as the trial judge. However, if the parties have reached a tentative plea agreement, the statute permits the parties to disclose the

tentative agreement to the judge, who may "advise" the parties whether the judge "will concur" with the agreement. The judge's decision is not binding on the judge: If the judge "concurs" with the disposition but later reevaluates the situation after the defendant has pleaded guilty, the judge must provide the defendant time to reconsider and an opportunity to withdraw the plea.

To answer the legal question presented by this case, we consider whether the trial judge's "participat[ion] in a tentative plea agreement" under ORS 135.432(2) and indication that she would not "concur in the proposed disposition," amounted to denial of a "petition, demurrer or motion," and thus that defendant's request to change judge was precluded by ORS 14.260(3). We conclude that when a judge provides the parties with nonbinding advice about whether the judge would accept a tentative plea and sentencing agreement, the legislature did not intend that to be considered a ruling on a petition, motion, or demurrer within the meaning of ORS 14.260(3). That is, the text, context, and legislative history that we have considered indicate that the legislature intended to create a lenient standard for changing judges before the judge has ruled on a motion other than for

extension of time, and it intended that judges who partici-
pate in plea negotiations should ordinarily not preside over
a subsequent trial. The nonbinding tentative-plea advice
was not a ruling precluding a change of judge under ORS
14.260.

We apply the familiar statutory interpretation
method expressed in *State v. Gaines*, 346 Or 160, 206 P3d
1042 (2009), considering the plain text and context of the
statute, and any legislative history offered by the parties
that we determine to be useful. Applying that method to
ORS 14.260, we conclude that the trial judge's pre-plea
advice was not a ruling on a petition, demurrer, or motion
within the meaning of the statute.

When we consider the plain text of a statute, we
ascribe to "words of

common usage" "their plain, natural, and ordinary mean-
ing," unless the legislature has defined them by statute. *PGE
v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d
1143 (1993). There is another category of words, which are
not "words of common usage" but rather are "terms of art."
In the case of a legal term of art, we consider its established
legal meaning as might be provided by, for example, legal
dictionaries. *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296,
337 P3d 768 (2014) (consulting *Black's Law Dictionary* for
definition of "damages").

The pertinent text of ORS 14.260(3) was enacted in
1959, providing, "[A] motion to disqualify a judge may not be
made after the judge has ruled upon any petition, demurrer
or motion other than a motion to extend time in the cause,
matter or proceeding." The words "petition," "demurrer," and
"motion" are legal terms of art. The 1951 edition of *Black's
Law Dictionary* defined the term, "petition" as having the
following potential meanings: (1) a written application for a
court to exercise its judicial power to "redress" "some wrong,
or grant of some favor, privilege, or license"; (2) an *ex parte*
request "to do some act which requires the sanction of the
court; as for the appointment of a guardian," or "for leave
to sell trust property"; (3) the name of an "initiatory plead-
ing in an action." *Black's Law Dictionary* 1302 (4th ed 1951)

(internal citations omitted) (*Black's 4th ed*). The law-specific definition of the same term in *Webster's* was similar: "**5.** *Law.* **a** A written application to a court requesting its action upon some matter therein laid before it, either interlocutory to a pending action, by way of a special proceeding, or instituting a new action. Distinguished from a motion, which may be oral." *Webster's Third New Int'l Dictionary* 1832 (unabridged ed 1952).

Those definitions are consistent with the way the legislature and courts have used the same term. *See, e.g.*, ORS 34.340 (1953) (petition for a writ of *habeas corpus*); ORS 34.130 (1953) (petition for a writ of *mandamus*); ORS 34.030 (1953) (petition for a writ of *certiorari* or writ of review). The trial judge's decision whether to concur with the tentative plea agreement was not a ruling on a "petition."

At the time of the enactment of ORS 14.260, *Black's* defined a "demurrer" as the "[f]ormal mode of disputing the sufficiency in law of the pleading of the other side" or "an objection made by one party to his opponent's pleading, alleging that he ought not to answer it, for some defect in law in the pleading." *Black's 4th ed* at 520. In Oregon at that time, "demurrer" meant a challenge to the face of a complaint or indictment. *See* ORS 135.620 - 135.630 (1955) (relating to the procedure and grounds for filing criminal demurrers). Defendant had not challenged the face of the indictment, and the trial judge had not made a ruling on such a challenge.

Finally, at the time of the enactment of ORS 14.260, "motion" was defined by *Black's* as "[p]rimarily an application for a rule or order made *viva voce* to a court or judge, but the term is generally employed with reference to all such applications, whether written or oral." *Black's 4th ed* at 1164. The legislature had provided that "[a]n application for an order is a motion." ORS 16.710 (1955). Similarly, the *Webster's* law-related definition for "motion" was "an application made to a court or judge orally in open court or by petition or other written application to obtain an order, ruling, direction, or the like in favor of the applicant." *Webster's* at 1599. Those definitions also are consistent with modern usage, as used in ORCP 14 A, for example: "An application for an order is a

motion. Every motion, unless made during trial, shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

The limitation in ORS 14.260(3) on changing judges applies only after the judge "has ruled on" a petition, demurrer, or motion. Both *Black's* and *Webster's* defined the verb "rule" consistently with making a definitive or authoritative decision on a legal point. *Black's 4th ed* at 1496; *Webster's* at 2183. Considering those definitions, the trial judge's pre-plea advice was not a ruling on any petition, demurrer, or motion within the meaning of the statute.

The parties have not provided any legislative history that would shed further light on the meaning of ORS 14.260.

Turning to ORS 135.432, we consider whether, under that statute, the trial judge's participation in a proceeding contemplated in ORS 135.432(2) means that she ruled on a petition, demurrer, or motion. ORS 135.432(2) permits a trial judge, at the request of the parties and at the judge's discretion, to review any "tentative plea agreement" reached by the parties before taking a defendant's plea, and to advise the parties whether the judge "will concur" with the proposed sentencing terms contemplated by the agreement. As relevant here, the statute refers to the judge as participat[ing] in a tentative plea agreement," ORS 135.432(1)(a)(B), and "advis[ing]" the parties about whether the judge anticipates concurring "in the proposed disposition." ORS 135.432(2). Further, the judge's anticipated concurrence with the proposed disposition is expressly conditioned on other, future, events, such as whether the information in the presentence report is consistent with the information presented by the parties. ORS 135.432(2). And it is expressly advice concerning a tentative agreement; that is, the trial court provides an answer that is not definitive.

ORS 135.432(3) is premised on the trial judge being allowed to change their position about their anticipated concurrence with the disposition. Subsection (3) provides that, if a judge concurs, but then later decides that the final disposition will not be consistent with its expressed concurrence,

the judge must provide the defendant with time to decide and an opportunity to withdraw the plea. Because the statutory framework anticipates a trial judge "advising" the parties whether the judge concurs with the agreement, potentially changing their view based on new information, or simply changing their mind, nothing in the text and context of ORS 135.432 dictates that a trial judge's decisions in the context of that statute are the kind of decisions that are contemplated in ORS 14.260(3).

The legislative history suggests that the purposes of the statute were to promote a sense of fairness for defendants engaged in plea negotiations, and to ensure that the defendant has sufficient information to make an informed decision about whether to waive the right to a trial. ORS 135.432 was enacted in 1973 as part of the Criminal Procedure Code. Or Laws 1973, ch 836, § 173.1. Considering those purposes and considering the text and context of ORS 135.432 and ORS 14.260, we cannot discern any legislative intention that the parties asking a trial judge to provide advice about a proposed disposition would terminate the defendant's ability to obtain a change of judge if the defendant believed the judge could not be fair and impartial.

In response to defendant's arguments that the trial judge had not ruled on a petition, demurrer, or motion, the state asserts, among other arguments, that the trial judge had, in fact, ruled on a motion because she had granted the state's request for a protective order months earlier. In reply, defendant argues that we should not consider the state's argument because the state did not "preserve" it, and because the state has not addressed the requirements for us to consider a "right for the wrong reason" argument. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (explaining the "right for the wrong reason" requirements as: "(1) that the facts of record be sufficient to support the alternative basis for affirmance; (2) that the trial court's ruling be consistent with the view of the evidence under the alternative basis for affirmance; and (3) that the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below").

Beginning with defendant's preservation argument, the state—as the respondent on appeal—was not required to "preserve" any argument that it makes on appeal. Raising an argument for affirmance that was not raised below often implicates the requirements for us to affirm on alternative grounds—generally by using the framework provided by *Outdoor Media*—not the requirements of preservation. Thus, we reject defendant's preservation argument.

We conclude, however, that defendant's argument that the *Outdoor Media* requirements are not met is correct. The earlier protective order argument was not made before the trial court, and it was not an apparent basis for the ruling on the motion to change judge. Thus, the state is required to address the *Outdoor Media* factors as well as why we should exercise our discretion to consider the argument. Defendant is also correct that, for the reasons that he raises in his reply brief, the state's argument is not appropriate for us to consider as an alternative basis for affirmance in this case. For those reasons, we conclude that defendant's motion to change judge should not have been denied on the basis that the trial court had ruled on a petition, demurrer, or motion in relation to the court's discussion about whether it anticipated concurring with the plea agreement.

Next we consider the appropriate disposition. Defendant argues that his convictions should be reversed and remanded with instructions that he be tried before a different judge. We, however, conclude that the appropriate disposition is to vacate and remand for further proceedings.

The reasoning that defendant's motion was "untimely," or barred by ORS 14.260(3) due to the trial court's participation in the plea procedure was incorrect, but the ruling based on that reasoning cut off the need for any further consideration of the merits of the motion. Had the presiding judge concluded that the motion was timely, the trial judge would have had an opportunity either to agree to recuse herself or to challenge the assertions in defendant's affidavit before a disinterested judge.[4]

---

[4] ORS 14.260(1) provides that, when a party files a motion to change judge,

"[t]he motion shall be allowed unless the judge moved against, or the presiding judge for the judicial district, challenges the good faith of the affiant and

In addition, although defendant's second assignment of error was not adequately preserved, we note that defendant's ability to present arguments in response to the challenging judge's evidence and arguments was also cut off by the timeliness ruling on the motion to change judge. Defendant is free to make additional arguments for the judge's recusal during further proceedings on the motion.

Vacated and remanded.

---

sets forth the basis of the challenge. In the event of a challenge, a hearing shall be held before a disinterested judge. The burden of proof is on the challenging judge to establish that the motion was made in bad faith or for the purposes of delay."

We express no opinion whether the disinterested judge may consider at such a hearing information that the challenging judge has "put on the record" at a hearing on the motion over which the challenging judge presided.