No. 488          June 3, 2026          283

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jill BONG,
*Plaintiff-Appellant,*

*v.*

Joe LaFONTAINE,
as Superintendent of Douglas County School District 15,
*Defendant-Respondent.*

Douglas County Circuit Court
25CV20641; A188442

Robert B. Johnson, Judge.

Submitted April 8, 2026.

Jill Bong filed the briefs *pro se*.

Blake H. Fry and Hart Wagner LLP filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Relator appeals from a judgment dismissing her petition for writ of mandamus. On appeal, she challenges the denial of her motion to disqualify the assigned trial judge in two assignments of error.[1] For the following reasons, we reverse and remand to the trial court for further proceedings.

The relevant facts are few and procedural. Relator filed a petition for writ of mandamus in the circuit court, seeking to compel defendant, the superintendent of Douglas County School District 15, to comply with public records laws and respond to an outstanding public records request. Before the assigned judge ruled on any substantive pleadings, relator filed a motion to disqualify the assigned trial judge. In that motion and accompanying affidavit, relator set forth reasons why she believed that she could not receive a fair and impartial hearing before the assigned judge.

The motion to disqualify the assigned judge was referred to another judge in Douglas County and was denied without a hearing. Relator filed several pleadings objecting to the continued participation of the assigned judge in her case; none of those were addressed. Relator's case was ultimately dismissed. This appeal followed.

---

[1] Relator also raises a third assignment of error that challenges the denial of her motion to disqualify opposing counsel due to an alleged conflict of interest under the Oregon Rules of Professional Conduct (ORPC). From relator's briefing, we understand the alleged conflict of interest to be that opposing counsel's self-interest in keeping his billing records private and not testifying as a witness was leading him to misadvise his clients regarding cost issues, disclosure of documents, and litigation strategy. Relator's citation to *PGE v. Duncan, Weinberg, Miller & Pembroke, P.C.*, 162 Or App 265, 986 P2d 35 (1999), does not support her argument. In that case, Portland General Electric (PGE) alleged that opposing counsel had a conflict of interest because they had previously represented PGE; in other words, the former client raised allegations of a conflict that directly impacted them. *Id.* at 269. Similarly, *State ex rel Bryant v. Ellis*, 301 Or 633, 724 P2d 811 (1986), the other case relator cites, involved a situation in which the defendant-relator sought to disqualify an attorney from representing any of the other defendants, because the attorney had previously represented relator in the formation of the partnerships at issue in the litigation and planned to take a position contrary to the relator in defense. *Id.* at 635-36. Relator does not cite any case, and we have found none, in which a litigant can invoke the rules within the ORPC that govern attorney-client relationships against a lawyer with whom they have never had such a relationship. Therefore, relator's third assignment of error provides no basis for relief.

We review the trial court's denial of defendant's motion to disqualify the assigned judge for errors of law. *State v. Butler*, 346 Or App 187, 194, 584 P3d 238 (2025).

ORS 14.210 to 14.275 provides the legal framework to seek to disqualify an assigned judge. In relevant part, ORS 14.250 provides:

> "No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."[2]

In turn, ORS 14.260(1) sets forth the procedure for a motion to disqualify an assigned judge. Under that statute,

> "Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that the party or attorney believes that the party or attorney cannot have a fair and impartial trial or hearing before the judge, and that it is made in good faith and not for the purpose of delay. Except as provided in subsection (7) of this section, no specific grounds for the belief need be alleged."

Any motion to disqualify a judge must be filed before the judge has ruled on a "petition, demurrer or motion." ORS 14.260(3).

A movant is "not required to prove actual prejudice by the judge," only that the movant has a good faith belief that they cannot receive a fair hearing before the judge. *State ex rel Strain v. Foster*, 272 Or 464, 470, 537 P2d 547 (1975). "[T]he reason for this rule is that the primary concern of the law is that the courts and the judges of Oregon, as a matter of public policy, shall maintain the confidence of the people." *Id*. As such, we have held that, "[g]enerally, ORS 14.260(1) provides a low bar for parties to obtain a change of judge." *Butler*, 346 Or App at 194-95.

ORS 14.260(1) also provides that if the movant files a motion and supporting affidavit setting forth their

___

[2] If a party meets that standard, ORS 14.250 further provides that the presiding judge will take steps to assign the case to a different judge.

good faith belief that they cannot receive a fair hearing, the "motion *shall* be allowed unless the judge moved against, or the presiding judge for the judicial district, challenges the good faith of the affiant and sets forth the basis of the challenge." (Emphasis added.) If there is a challenge, "the proponent of the motion is entitled to a hearing before a disinterested judge and the burden is on the objecting judge to show that the motion was made in bad faith or for purposes of delay." *Butler*, 346 Or App at 195.

Defendant argues that the trial court did not err in denying relator's motion because relator's motion and affidavit did not set forth a valid basis for disqualifying the assigned judge. We do not reach defendant's arguments regarding the merits of relator's motion because we conclude that the trial court erred in the process that it applied to rule on relator's motion.

Under ORS 14.260(1), the judge was required to allow relator's motion unless the presiding judge or assigned judge challenged relator's good faith basis for filing the motion. But here, no judge set forth a basis to challenge relator's assertion that she believed, in good faith, that she could not have a fair and impartial trial before the assigned judge. Moreover, if a judge had challenged relator's motion, ORS 14.260(1) mandates that relator was entitled to a hearing before a disinterested judge. And here, no hearing was held. Absent a challenge and subsequent hearing, ORS 14.260(1) required the judge to grant relator's motion. Because the trial court did not comply with the statutory process prior to denying relator's motion, its denial was in error.

Reversed and remanded.